THE CITY OF QUINCY

*v.*

CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

1. MUNICIPAL CORPORATION—*power to allow railroad track in streets.* It is well settled in this State, that a city may authorize the laying of railroad tracks in its streets, and where a city, under a resolution adopted, conveys a street absolutely to a railway company, the resolution and deed will give the company the right to construct, maintain and operate its tracks upon the street, even if invalid to pass the entire dominion in the street, and when such right is exercised, the city can not resume the grant to the exclusion of the company.

2. SAME—*publication of resolution presumed from long acquiescence.* The recognition by a city for over twenty years of a resolution granting a right to lay railroad tracks in certain streets as being in force, and its acquiescence thereunder, affords presumptive evidence of its due publication, if such proof were necessary to give it force.

3. SAME—*mode of granting right to lay railroad track in streets.* Although a city charter may provide that the city council shall have power to make all *ordinances* necessary and proper for carrying into execution the powers specified in the act, the action of the city council, though in the form of a resolution, in connection with its deed granting the use of streets for railroad tracks, will be a sufficient grant of permission to so use the streets.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. WILLIAM W. BERRY, for the appellant.

Mr. O. H. BROWNING, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, commenced by the City of Quincy against the Chicago, Burlington and Quincy Railroad Company, on the 18th day of October, 1878, to recover the possession of property described in the declaration.

The property sued for consists of parts of streets and alleys dedicated to the city in trust for the uses and purposes expressed or intended by the former owners, by force of the statute in that regard, by being designated upon plats of additions made to the city by said owners, as streets and alleys, one of which plats was recorded April 23, 1836, and the other, August 25, 1855.

The city, on July 25, 1855, conveyed to the Northern Cross Railroad Company all the property in controversy. In the same year, the Chicago, Burlington and Quincy Railroad Company, by proper conveyances, acquired all the right and interest of the Northern Cross Railroad Company in the property, and took immediate possession thereof and laid its railroad track thereon, and has ever since had the undisturbed possession and use of the same, occupying it in part with its railroad tracks, in part by a stone machine shop, and in part by stock-yards.

The conveyance from the city to the Northern Cross Railroad Company was authorized by an act of the legislature passed January 17, 1855, (Private Laws 1855, p. 67,) and by a resolution of the city council passed on July 24, 1855. From 1855 till the commencement of this suit in October, 1878, the city assessed and collected taxes on the property from the defendant.

The court below, upon a trial without a jury, found the defendant not guilty, and rendered judgment in its favor, and the plaintiff appealed.

It is contended by appellant, that the city had no power to convey away its streets absolutely; that the legislature was not competent to give to it such authority; and that, therefore, the absolute conveyance in fee to the defendant of the property in controversy, consisting of parts of streets and alleys, by the city in pursuance of an act of the legislature, was invalid. It is not necessary, for the defence to this suit, to maintain the existence of such a power, or the validity of that conveyance in its full extent.

It is well settled in this State, that a city may authorize the laying of railroad tracks in its streets. The conveyance here, taken in connection with the resolution, undoubtedly gave to the defendant authority to construct and maintain and operate its railroad tracks upon the streets embraced therein. If they are not effective to the whole extent they purport, of vesting the railroad company with the full and exclusive dominion over the parts of streets assumed to be conveyed, they may be held operative to the extent the city had power, to-wit: to give to the company the right to construct, maintain and operate its railroad tracks in the streets. Such right, at least, then, having been given by the resolution of the city council and the conveyance, the railroad company entered thereunder and have occupied the premises ever since as a right of way of their road, and the city can not resume the use of the streets to the exclusion of the railroad company; and, consequently, can not maintain this suit of ejectment to oust the company from their possession.

It was objected to the introduction of the resolution of the city council in evidence, that proof had not been made of its publication in a newspaper published in the city—the city charter requiring all ordinances to be so published, and providing that they should not be in force until they should have been so published—and its admission in evidence without such proof is assigned for error. The recognition by the city for such a length of time of the resolution as being in force, and

its acquiescence thereunder, would be presumptive evidence of its publication, if that were necessary to give it force.

It is objected, too, that the resolution is not · an ordinance; and that the city was only authorized to legislate in reference to its streets and alleys by ordinances. All the foundation for this objection is, the provision in the city charter that "The city council shall have power to make all ordinances which shall be necessary and proper for carrying into execution the powers specified in this act." The action of the city council, though in the form of a resolution, we regard, with the conveyance made by the city, as a sufficient grant of possession by the city to the defendant for the purpose of constructing, maintaining and operating its railroad tracks, as before stated.

The judgment will be affirmed.

*Judgment affirmed.*