National Tube-Works Co., Respondent, *v.* City of Chamberlain, Appellant.

**1. Municipal Corporations—Contract without Ordinance.**

Where a city had the power to construct a system of water-works, it was not necessary that its council, before entering into a contract with reference to it, should have passed an ordinance authorizing the works to be constructed, or the contract to be made, when the charter did not require it.

**2. Same—Liability—Ratification.**

Though a contract made by a city should have been preceded by an ordinance, still, where the city retains the benefit, it will not be permitted to object that it was not empowered to make the contract simply because the manner of entering into it was not strictly in accordance with the mode prescribed by the charter, where it was not *ultra vires.*

**3. Same.**

Although there may be a defect of power in a corporation to make a contract, yet, if one made by it is not in violation of its charter, or any statute prohibiting it, and the corporation has induced a party to expend money or perform his part, the corporation is liable on it.

**4. Trial—Findings—Omission of Judge's Signature.**

Where the judge omitted to sign the findings of fact and conclusions of law, but the record shows they are made a part of the judgment roll, referred to in the judgment, and are preceded by the declaration of the judge, "In this action, tried before the court, I make and file the following findings of fact and conclusions of law," and, following this one record to the end, it is found who made them, by seeing the signature of the judge, *held* he did make and file findings of fact and conclusions of law.

**5. Judgment—Rendered Out District—Nature—Proof.**

When the record shows that the judgment was rendered in the district where the action was pending, *aliunde* statements in contradiction thereof will not be considered.

(Argued May 23, 1887; affirmed May 26; opinion filed February 15, 1888.)

Appeal from the district court for the county of Brule; Hon. L. K. Church, Judge.

*Stroube & Drury,* for appellant.

Referring to section 269 of the Code of Civil Procedure, we find that the judge must either adopt as his own the findings of

facts that have already been prepared by his directions, or else he must himself prepare the findings. What purports to be the findings of facts in this case are not signed by the judge, nor is there any other sign or mark of authority about them to show that they have even been presented to him, or that his attention has in any way ever been called to them.

Again, the records in this case will show that the cause was tried on the 22d day of September, 1886, before the Hon. Louis K. Church, in the county of Brule; that the order for judgment was signed on the 6th day of January, 1887, the Hon. Louis K. Church being at the time of the signing of said order for judgment the presiding judge of the Fifth judicial district of the territory, and not of the Second judicial district, in which is situated the subdivision of Brule county where the cause was tried.

Section 31 provides that these courts are always open for the entry of orders and judgments.

This section has been amended by adding thereto the following: "And the judge may hear and determine the same, and make an order in vacation, at any place within his district." Sess. Laws 1881, p. 40.

This cause was determined on the 6th of January, 1887, in vacation, and not at a regular term of the district court. These proceedings were had outside of the judicial district in which the same was tried, and by a judge not of the Second judicial district.

No ordinance was ever passed for the construction of waterworks.

The question is, does the charter require an ordinance, resolution, or law of the city to be passed and published, in order to bind the corporation?

The charter provides, (section 7:) "The city council shall have power to enact any and all ordinances necessary to carry into effect the powers herein granted." One of the powers herein granted is for the city council to construct and maintain waterworks. It would seem, then, that the city council has the

power to construct and maintain water-works in said city by first enacting the necessary ordinances for that purpose.

"It must follow that, if in any case a party assumes to deal with a corporation on the supposition that it possesses powers which it does not, or to contract in any other manner than is permitted by the charter, he will not be allowed, notwithstanding he may have complied with the undertaking on his part, to maintain a suit against the corporation based upon its unauthorized action." Cooley, Const. Lim. 196; 7 Pac. Rep. 14, and cases cited; *Zottman* v. *City of San Francisco*, 20 Cal. 96; in *Herzo* v. *San Francisco*, 33 Cal. 145.

Where the mode of contracting is specially and plainly prescribed and limited, that mode is exclusive. 1 Dillon, Mun. Cor. 465.

"Where the corporation can only act by ordinance, the ratification must be by ordinance." 1 Dillon, Mun. Cor. p. 481, § 387, and foot-notes.

*Goudykoontz, Kellam & Porter*, and *George C. Squires*, for respondent.

Where the power to do certain acts is conferred upon the council, but the particular mode of exercising the power is not prescribed, any mode may be adopted which does not infringe the charter or general law of the land. 1 Dillon, Mun. Corp. § 244, n; § 58.

If no mode be prescribed, the body corporate, within the compass of its powers, may enter into contracts just as a natural person may make like contracts. 4 Waite, Actions & Defenses, 603; *Baker* v. *Johnson Co.*, 33 Ia. 151; *Mayor* v. *Second Ave. R. R. Co.*, 32 N. Y. 261.

The passage of an ordinance by the city council would add nothing to their power. That they got from the charter, and it was full and complete "to construct and maintain waterworks."

The power to construct carried with it the power to make whatever contracts were necessary for its execution.

In the exercise of this power to contract, no particular mode being prescribed in the charter, the essential question is not as to the precise form which their action took, whether that of ordinance, resolution, or vote, but did the council consider and pass upon the precise matter in substance and form covered by the contract? *Greene* v. *City of Cape May,* 41 N. J. Law, 45; *City of Quincy* v. *Chicago, B. & Q. R. Co.,* 92 Ill. 21; *Messenger* v. *City of Buffalo,* 21 N. Y. 196.

Certain of the powers granted by the charter to the council can only be properly executed by the exercise of its legislative authority, by means of ordinances; but such powers are quite distinct from others which might be termed "administrative."

The general powers of the city council to govern the city, to protect the people from disease, nuisance, fire, etc., call for and require legislation by the council. Many of these powers could not be reasonably executed without action by the council in the form of municipal laws or ordinances. But to do an act specifically authorized by the charter is an exercise of the administrative or executive power of the council only, and requires no intervention of its legislative functions.

The council is authorized to audit and allow claims against the city. Section 7, subd. 26. A claim being submitted and found correct, can it be passed upon and allowed only after being made the subject of an ordinance passed in due form and properly published, as provided in section 9 of the charter?

This distinction is important. See *Indianapolis* v. *Indianapolis Gas Co.,* 66 Ind. 396.

But, conceding even that an ordinance by the city council should have preceded this contract, and that there was a technical lack of power in the council to make the contract, still, the defendant having received and retained the benefits of the contract at the expense of plaintiff, "it cannot object that it was not empowered to perform what it promised in return in the mode in which it promised to perform." *Hitchcock* v. *Galveston,* 96

U. S. 341; *Moore* v. *Mayor et al.*, 73 N. Y. 238; *Allegheny City* v. *McClurken*, 14 Pa. 81; *State Bd. of Agriculture* v. *Citizens St. R. Co.*, 47 Ind. 407; *San Francisco Gas Co.* v. *San Francisco*, 9 Cal. 453.

The action of the council in making this contract, although technically unauthorized, is subject to ratification; and the evidence indisputably shows that such action was repeatedly recognized and ratified. 1 Dillon, Mun. Cor. § 385; *Peterson* v. *Mayor et al. of N. Y.*, 17 N. Y. 449; *Hoyt* v. *Thompson's Executors*, 19 N. Y. 207; *Dubuque College* v. *Township, etc.*, 13 Iowa, 555; *Moore* v. *Mayor, etc., of N. Y.*, 73 N. Y. 246. See, also, *Knox Co.* v. *Aspenwall*, 21 How. 539; *Moran* v. *Commissioners*, 2 Black, 722; *Marsh* v. *Fulton Co.*, 10 Wall. 676.

The claim that no findings were made and filed as required by law rests entirely upon the fact that the statement purporting to be such was not signed by the trial judge.

It is not claimed but that the statement filed, if properly signed, would be adequate.

While it doubtless is the usual practice, neither statute nor rule of court requires the statement to be signed by the court or judge, nor do we find any case holding it necessary. It must be "in writing, and filed with the clerk," (section 266,) and in this respect the requirement of the statute is fully complied with.

The findings appear as a part of the judgment roll, and immediately precede the judgment. The judgment, in its terms, follows the findings, and expressly refers to them as the findings and decision on which the judgment is rendered.

THOMAS, J. This action was instituted by the plaintiff upon a warrant issued to it by the city of Chamberlain for the sum of $1,600, bearing date the 15th of December, 1883, the consideration for which was certain pipes used in the construction of water-works in and by said city. The court found the purchase by the city, the delivery of the pipes, the acceptance and appropriation of them in the construction of its water-works,

and the continued and present use of them by said city; and the proof shows that on the 24th day of October, 1884, there was paid on said warrant by the said city the sum of $75.

There is no controversy about the facts, but the claim was resisted below on the alleged ground that the city had no authority to contract for said articles without having first passed an ordinance by the city council authorizing it to be done.

The case was tried to the court, by consent, without a jury, and judgment rendered in favor of the plaintiff. It is sought by appellant to reverse that judgment in this court upon three grounds, to-wit:

1. That the city council of Chamberlain did not pass an ordinance authorizing the construction of water-works, or the purchase of the articles for which said warrant was given.

2. That the judge who tried the case below made no findings of fact or conclusions of law preceding the judgment.

3. That the judgment was not rendered in the district in which the case was pending and tried.

As to the first point it is admitted that there was no ordinance passed by the city council on the subject of erecting water-works, or the purchase of material therefor. The question then is, was it necessary that such should have been done in order for the city council to make the contract sued on?

An ordinance is simply another name for a law or statute, except that it is an enactment of an inferior legislative body, such as a city council. The corporation derives its authority from the statute creating it, and can confer no authority upon itself by the enactment of an ordinance.

The powers and duties of the city council of the city of Chamberlain are of two kinds,—legislative and administrative; legislative, to pass laws for the general government of the people within its corporate limits; administrative, to transact the business and financial affairs of the city, and make and enter into contracts to that end.

This is not strictly a question of *ultra vires*, for it is admitted that the city council has the power, under the charter, to build

and maintain a system of water-works, and contract for that purpose. But counsel for appellant insists that, before such authority could be exercised, it was necessary to pass an ordinance for that purpose.

This might be true if the city charter put such a limitation upon the powers of the council on this subject, expressed or implied. After a careful examination of that instrument we find no such limitation, and therefore conclude that it was unnecessary that an ordinance should have been enacted. *Gas Co.* v. *San Francisco,* 9 Cal. 453; *Green* v. *City of Cape May,* 41 N. J. Law, 45; *City of Quincy* v. *Railroad Co.,* 92 Ill. 21; *Messenger* v. *City of Buffalo,* 21 N. Y. 196.

But conceding that an ordinance of the city council should have preceded this contract, and that there was, for this reason, a technical want of power to make it, still the appellant received and retained the property of the respondent furnished at its instance and request, and enjoyed the use and benefit thereof. It cannot, therefore, be heard to object that it was not empowered to do what it promised in return, simply because the manner of entering into the contract was not strictly in accordance with the mode prescribed by its charter, but not *ultra vires* as to its provisions. *Hitchcock* v. *Galveston,* 96 U. S. 341; *Moore* v. *Mayor,* 73 N. Y. 238; *Board, etc.,* v. *Railway Co.,* 47 Ind. 407. In the case last cited the court says: "Although there may be a defect of power in a corporation to make a contract, yet if a contract made by it is not in violation of its charter, or any statute prohibiting it, and the corporation has by its promise induced a party relying on the promise, and in the execution of the contract, to expend money, and perform his part thereof, the corporation is liable on the contract."

This seems to us to be a correct statement of the law, and fully embraces within its scope the questions arising in the case at bar. Hence we conclude that the city of Chamberlain, having induced the respondent by its promise, through the action of its council, to part with its property in the performance of its part of a contract not in violation of the corporate

charter, is liable to the respondent for the value of said property on the contract.   To hold otherwise would, in our opinion, be to subvert the law, and do violence to every principle of equity and justice.

The answer to the second objection is that the judge did make and file findings of fact and conclusions of law, and the same are "in writing, and filed with the clerk as required by law."

It is upon the alleged failure of the judge to affix his signature to the findings and conclusions of law that counsel for appellant contend that there are no such findings and conclusions of law made by the judge.

The record shows that the findings of fact and conclusions of law are made a part of the judgment roll, are located preliminary to the judgment itself, are referred to in the judgment, and the findings of fact, conclusions of law, and judgment are all preceded by the following declaration made by the judge: "In this action, tried before the court, I make and file the following findings of fact and conclusions of law."   By following these and the judgment to the end, we ascertain who has made them by seeing the signature of the judge attached thereto. They are all part of one record, and are signed by the judge of the court.   The point is not well taken.

In the third and last objection it is contended by counsel for appellant that the "judgment was not rendered within the district wherein the cause was pending and tried."   This statement seems to be based upon facts *aliunde* the record, for the record discloses the fact that the judgment was rendered in the district in which the cause was pending and tried.   It is by the record that we are governed, and *aliunde* statements in contradiction thereof cannot be considered.

The judgment of the district court is in all things affirmed.

All the justices concurring.