McGUIRE, Respondent, v. CITY OF RAPID CITY, Appellant.

1. **Municipal Corporations — Powers — Local Improvements.**

   Where a city had the power to drain, improve, keep in repair and prevent obstructions in its streets, *held*, it had the power to make a contract to straighten the course of a large stream of water running in a "zigzag direction" through the city.

2. **Same — Irregular Exercise of Power — Ratification.**

   Where the contract of a city is not *ultra vires*, it is no defense in an action on it that it was irregularly made (not being by ordinance) where the city had received and retained the benefits derived from the contract.

3. **Contract — Performance — Sufficiency of Evidence.**

   A contract provided that the work should be done in a good, substantial, workmanlike manner to the satisfaction of a certain engineer; *held*, that the engineer's certificate of satisfaction was sufficient to show performance and it was not necessary, in an action on the contract by the contractor; to go further and prove that the work had been done in the manner required.

4. **Same — Certificate — Form — Sufficiency.**

   Where a contract provided that the work should be done to the satisfaction of a certain engineer evidenced by his certificate, and the engineer certified that the contractor "has completed his contract according to the specifications and is entitled to the full contract price for the balance thereof," *held*, the certificate was sufficient in form and showed that the work had been done to the satisfaction of the engineer.

   CARLAND, J., dissenting.

(Argued May 12, 1888; affirmed May 25, 1888; opinion filed October 9, 1889.)

APPEAL from the district court, Pennington county; Hon. CHAS. M. THOMAS, Judge.

*Chauncey L. Wood* and *W. E. Church*, for appellant.

The court erred in admitting in evidence the certificate of the engineer. Butler v. Tucker, 24 Wend. 447; Smith v. Brady, 17 N. Y. 173; U. S. v. Robeson, 9 Pet. 319; Stewart v. Keteltas, 36 N. Y. 388; Wyckoff v. Myers, 44 id. 143; Bliss, Code Pl., §§ 301–2; Pom., §§ 517, 524, 554; Johnson v. Moss, 45 Cal. 515; 1 Gr. Ev., § 58; Stone v. Knowlton, 3 Wend. 374; Snell v. Moses, 1 Johns. 96; Crawford v. Morrell, 8 id. 253; Saxton v.

Johnston, 10 id. 418 ; Lowen v. Winters, 7 Cow. 263 ; Whittaker v. Smith, 4 Pick. 83 ; Alexander v. Harris, 4 Cr. 299 ; Barton v. Herman, 11 Abb. (N. S.) 382 ; Schenck v. Powell, 3 Abb. N. C. 42 ; Smith v. Briggs, 3 Denio, 73 ; D. & H. C. Co. v. Pa. Canal Co., 50 N. Y. 250 ; Tooker v. Arnaux, 76 id. 397 ; Story, Eq. Jur., § 1457.

The certificate was insufficient in its form under the terms of the contract. Stewart v. Keteltas, and Wyckoff v. Myers, and Smith v. Briggs, *supra.*

The contract was invalid : 1. Because no ordinance or resolution of the council for the making it was ever passed, recorded and published as required by the charter. 2. The subject-matter was beyond the powers conferred by the charter. Upon the first proposition, see sections 3, 7, 8, 9 and 13 of the charter, also Indianapolis v. Miller, 27 Ind. 394 ; City v. Evans, 35 id. 90 ; Steckert v. Saginaw, 22 Mich. 104 ; Morrison v. Lawrence, 98 Mass. 219 ; Terre Haute v. Lake, 43 Ind. 480.

The contract is *ultra vires.* A municipal corporation can exercise only those powers granted in express words ; those necessarily implied in or incident to the powers expressly granted ; those essential — not simply convenient, but indispensable — to the declared objects and purposes of the corporation. Dillon, §§ 89, 457, 953, 969 ; Green's Brice, p. 466 ; Cooley, Const. Lim., § 192 ; Clark v. DesMoines, 19 Ia. 200 ; Tredway v. Schnauber, 1 Dak. 236 ; Com. v. R. R. Co., 27 Pa. St. 339 ; Dunham v. Rochester, 5 Corr. 465 ; Harshman v. Knox Co., 122 U. S. 306 ; Thomas v. W. J. R. R. Co., 101 id. 101 ; Nashville v. Ray, 19 Wall. 468 ; McPherson v. Foster, 43 Ia. 48 ; Steckert v. Saginaw, *supra ;* Zattman v. San Francisco, 20 Cal. 96 ; Herzo v. San Francisco, 33 id. 130 ; Terre Haute v. Lake, 43 Ind. 480 ; Head v. Prov. Ins. Co., 2 Cranch, 127.

It is insisted that as the contract has been executed and the city received the benefits it could not now refuse to pay for the work on the plea of *ultra vires.* It ought to be considered a complete answer to this that no presumption of benefit can arise from the performance of a contract which the council had no authority to make. There can be no ratification except by the party by whom and in the mode in which the act could have been author-

ized in the first instance. Civ. Code, §§ 1349, 1351; Daviess Co. v. Dickinson, 117 U. S. 657; Dillon, §§ 385, 463; McPherson v. Foster, *supra;* Thomas v. W. J. R. R. Co., *supra;* Floyd's Acceptances, 7 Wall. 666; Herzo v. San Francisco, *supra;* Com'rs v. Van Dusan, 40 Mich. 429; Lewis v. Shreveport, 108 U. S. 282; Durango v. Pennington, 7 Pic. 14; Lyddy v. L. I. City, 104 N. Y. 218.

In the nature of things there can be no estoppel on the corporation to set up the defense of *ultra vires;* Dillon, § 457; St. Louis R. R. Co. v. Belleville, 12 N. E. Rep. 680; Nashville v. Ray, *supra;* Pettis v. Johnson, *supra.*

The fact that an *ultra vires* contract has been executed can make no difference. Whiteside v. U. S., 3 Otto, 247; Hawkins v. U. S., 6 id. 691; Story, Agency, § 307; Dill., § 381; Driftwood Turnpike Co. v. Board, 72 Ind. 226; State v. Citizens S. R. Co., 47 Ind. 407; Bank of Augusta v. Earle, 13 Pet. 519; Dartmouth College Case, 4 Wheat. 656; Marsh v. Fulton Bank, 10 Wall. 676; Oakland v. Skinner, 94 U. S. 254; Town of Bloomfield v. Charter Oak Bank, 7 S. C. R. 865; Delafield v. State of Ill., 26 Wend. 192; S. C., 2 Hill, 174; McDonald v. Mayor, 68 N. Y. 23; Dickinson v. Poughkeepsie, 75 id. 74; Smith v. Newburgh, 77 id. 130; Bissel v. Kankakee, 64 Ill. 249; Miller v. Goodwin, 70 id. 663; Cook v. McCrea, 93 id. 238; City of Champaign v. Harmon, 98 id. 491; Davis v. Old Col. R. R., 131 Mass. 258; McCracken v. San Francisco, 16 Cal. 623; Daly v. San Francisco, 13 Pac. Rep. 321; Newberry v. Fox, 33 N. W. Rep. 333; Pearce v. Mad. R. R. Co., 21 How. 441; Rogers v. Burlington, 3 Wall. 654; Ottawa v. Carey, 108 U. S. 110; Stichfield v. Ballou, 114 id. 190; Pa. R. R. Co. v. St. Louis R. R., 118 id. 290; Bank of Toledo v. Porter, 110 id. 608; Donavan v. The Mayor, 33 N. Y. 291.

Those cases in which municipal corporations have been held accountable for money or property received, are only apparent exceptions to the rule. Such accountability is based, not upon any recognition of validity in the contract, but upon express disaffirmance of such validity. It is because the city has received money or property which it had no right to contract for or receive, and, therefore, no right to retain, that it is bound to restore it. But

such accountability is limited to these two classes of cases.   Dillon, § 460 ; Com'rs v. Van Dusan, *supra ;* Argenti v. San Francisco, *supra ;* Thomas v. Port Hudson, 27 Mich. 320 ; see, also, Montgomery v. Plank Road Co., 31 Ala. 76 ; Delafield v. State, *supra ;* Oakland v. Skinner, 94 U. S. 254 ; Hawke v. Deffebach, 115 id. 392.

*J. W. Fowler* and *Van Cise & Wilson*, for respondent.

The power to make the contract is given by section 7 of the charter.   If the particular act for which the contract was made is not expressly stated in the powers given, it is surely implied, being germane to the general powers of the corporation.   Moore v. Mayor, 73 N. Y. 246 ; Chicago B. S. v. Crowell, 65 Ill. 457 ; West v. Menard Co., 82 id. 207 ; Louisiana v. Wood, 12 Otto, 294 ; Torrent v. Muskegon (Mich.), 10 N. W. Rep. 132 ; Coldwater v. Tucker, 36 Mich. 478.

The city having entered into the contract with respondent, he having performed the work and the city received the benefit, it must pay for it.   Mahar v. Chicago, 38 Ill. 273 ; Hitchcock v. Galveston, 96 U. S. 341 ; Dillon, Mun. Corp., §§ 448, 457, 480 ; State v. Citizens S. R. Co., 47 Ind. 407 ; Pine Grove Tp. v. Talcott, 19 Wall. 679 ; County v. Amy, 13 id. 297 ; Marsh v. Fulton, 10 id. 684 ; Port Huron v. McCall, 46 Mich. 574 ; Moore v. Mayor, 73 N. Y. 246 ; Little Rock v. National Bank, 98 U. S. 308 ; Thomas v. Port Hudson, 27 Mich. 322 ; Ohio & M. R. R. Co. v. McCarthy, 96 U. S. 258 ; Union W. Co. v. Murphy F. Co., 22 Cal. 631 ; Natoma W. M. Co. v. Clarkins, 14 id. 552 ; Chester G. Co. v. Dewey, 16 Mass. 94 ; Moss v. Lead M. Co., 5 Hill, 137 ; Argenti v. San Francisco, 16 Cal. 262.

The certificate of the engineer was properly admitted in evidence and binds the city.   Stewart v. Ketcltas, 36 N. Y. 392 ; Wykoff v. Meyers, 44 id. 145 ; Chapman v. Lowell, 4 Cush. 380 ; Smith v. Kahill, 17 Ill. 68 ; City v. Hammond, 4 Otto, 98.

TRIPP, C. J.   This is an action brought by the plaintiff to recover a balance alleged to be due him from the defendant city for labor and expenses performed and incurred in changing the channel of Rapid creek, where it passes through said city, in accordance with an alleged contract made with the officers of said city.

Plaintiff alleges that by the terms of said contract he was to be paid the sum of $8,500, of which $5,000 only has been paid, leaving still due and unpaid the sum of $3,500. The defendant alleges that the contract upon which the plaintiff seeks to recover was without the power of said city, and was illegal and void; and that said city had no power or authority to enter into or make said contract in manner and form as set forth and claimed by the plaintiff. In other words, the defense claims (1) that the city, under its charter, had no power to make such contract; (2) if it had power to make such contract, it could only do so in the manner prescribed by its charter, and not in the manner in which it is claimed such contract was made. The case was tried by a jury, and a verdict directed for the plaintiff; upon which, judgment being entered, the defendant appeals to this court.

The contract was in writing, signed by the plaintiff and the defendant, by its proper officers, and provided for the performance of the work "to the satisfaction of the city engineer," and for which the plaintiff was to be paid the sum of $8,500; 75% of the value of the work done to be paid on the first day of each month, and the balance when the work was completed. The plaintiff, over defendant's objection, introduced in evidence the contract, plans, and specifications, also the certificate of the engineer as to the completion of the work, together with some oral testimony identifying and explaining the papers offered in evidence, and then rested. Defendant thereupon offered in evidence the city charter, and rested; whereupon both parties moved the court to direct the verdict, and, the motion of the plaintiff being granted, the defendant brings the judgment entered thereon here for reversal, and relies upon the defenses made below, to-wit: (1) That the contract was *ultra vires* and void; (2) that the defendant had no power to contract in manner as herein claimed; and (3) that the certificate of the engineer was not evidence of performance of the contract sufficient to sustain the verdict.

The charter of Rapid City is a special one, granted by the legislature of the Territory of Dakota, and contains the grants of power usual in such enactments. Among such powers conferred, and through which it is contended the city obtained its authority, if at all, to make this contract, is the following: "To locate,

open, widen, extend, grade, pave, macadamize, bridge, curb, gutter, drain, improve, clean, and keep in repair all sidewalks, streets, avenues, and alleys in the city; to prevent obstructions, excavations, holes, and pit-falls in any of the same; and to require the owners or occupants of lots or buildings, at their own expense, to remove from all sidewalks, streets, avenues, and alleys opposite thereto snow, dirt, rubbish, and all other obstructions, including posts, signs, awnings, and all overhanging obstacles." City Charter, § 7, subd. 6.  As will be observed, this section confers upon the city council very general and extensive powers in reference to the matters and things therein enumerated.  It may " drain and improve " and keep in repair all " streets, avenues, and alleys," etc., and " prevent obstructions," etc., " therein." · The section does not prescribe the manner of executing such powers, or attempt to limit the council in the exercise of its judgment and discretion in establishing drainage or making improvements; and it will, therefore, be restrained or controlled by the courts only where, under the circumstances as they are made to appear, it has exceeded the bounds of reasonable discretion. While the evidence brought to this court is very meager, it can be understood therefrom that the creek known as " Rapid Creek," before this contract, ran in an irregular manner through the lots, blocks, and streets of the city, and that the object of this new channel was to carry such stream in a direct line through the city, — for what precise purpose does not distinctly appear; but, as it was done by the authority of the city, in absence of any testimony to the contrary it must be presumed that it was done for the benefit of the public in draining or otherwise improving its streets, alleys, etc.  It is true that in municipal contracts the power to make them must be proved, and not left to inference, and that all persons who deal with such corporations must see to it that the contract is one which the corporation has power to make; but it does appear in evidence that the subject-matter of the contract · was water — surface water and running water — within the city limits; a creek flowing in a zigzag direction through a growing and populous city; a stream fed by mountain springs, and swollen at times by sudden rains and melting snows.  Such a creek, at least so far as it interfered with or crossed the streets and alleys

of the city, was within the control and subject to the municipal power of the city. The city might not, perhaps, be authorized to divert it from the land and lots of those who might insist upon their rights as to the natural channel of the stream; but it does not lie in defendant's mouth to urge such defense in behalf of those who have not sought to make it for themselves. It does not require much effort of the imagination to see that a straight, deep, and direct channel for such a stream would improve the streets, avenues and alleys of the city, though it might not be included within the proper term "drainage;" yet, where a city has such general powers as enumerated in this section, and conferred upon the city council, when exercised in such a manner as not to be in violation of the express terms of the charter, it would not seem too great an exercise of the usual presumption which attends public officers to infer that such powers were properly exercised. In absence of any testimony. that the city council was entering into such a contract in fraud of public rights, or in the interest of private parties; that the drainage of the streets, avenues and alleys would not be benefited, or their condition thereby improved — we think there was enough shown to justify the court in holding their action to be a proper exercise of the charter powers, and in directing a verdict for the plaintiff. The contract, then, was not *ultra vires.* Sufficient is shown by the record to warrant the court in sustaining the contract as within the express powers granted by the terms of the charter.

Had the city power to contract in the manner set out in this case? The defendant contends that, by the terms of the charter, all such contracts must be made by ordinance passed and published as prescribed by the terms of the charter. We shall not take the time to examine the various provisions of the charter to ascertain and determine whether the defendant was or was not authorized to make the contract in the manner as herein set forth; for, if the defendant had power to make the contract, it cannot shield itself behind such a defense, and retain the benefits of the contract without tendering at least a reasonable compensation for the benefits received. The distinction is a broad one between a want of power and an irregular exercise of power. This has already been discussed by this court in Tube-Works Co. v. City of Chamberlain, 5 Dak.

54, 37 N. W. Rep. 761, and we content ourselves with the conclusion therein arrived at, which is decisive of this point again urged upon the attention of the court.

We pass to consider whether the court erred in holding the certificate of the engineer evidence of the completion of the contract sufficient to sustain the verdict. The contract provides that the plaintiff "shall perform the work in a good, workmanlike and substantial manner, to the satisfaction and under the direction of the city engineer of said city, to be testified by a writing or certificate under the hand of such city engineer." The certificate of the engineer offered in evidence is as follows: "To the Honorable City Council of the City of Rapid City — Gentleman : The contractor, M. McGuire, who has the contract for changing the channel of Rapid creek, has completed his contract according to the specifications, and is entitled to the full contract price for the balance thereof ; an estimate of five thousand (5,000) having been given heretofore, on or about the first day of April, 1886 ; the balance due being three thousand five hundred and fifty (3,550) dollars. M. WILLSIE, City Engineer."

The defendant contends that the certificate is not in form sufficient, under the contract, to be admissible in evidence ; and, if admissible at all, its only probative effect is to show a compliance with a condition precedent; and that, notwithstanding the production of said certificate, it was still incumbent upon the plaintiff, by proof *aliunde*, to establish the fact of performance of the work in accordance with the contract. We do not so understand the contract. By its terms the plaintiff was to perform the work under the direction of the city engineer, and to his satisfaction. The city made the engineer its agent to approve and accept the work. His judgment was the judgment of the city, and the plaintiff was only required to perform the work in such a manner as to meet with his approval. It is true that the contract does provide that the work was to be done in a "good, workmanlike, and substantial manner ;" but whether it was so done or not was to be determined by the engineer himself. The plaintiff and defendant contracted that the work must pass the inspection of the defendant's engineer ; and though a court and jury, or other competent tribunal, might be satisfied that the work was done in a good workmanlike,

and substantial manner, yet it would not avail the plaintiff under this contract, unless, perhaps, the engineer should fraudulently or wrongfully withhold his approval. The city had yielded its judgment to the presumably more competent judgment of an officer skilled in work of this character. It bound itself to be governed by the judgment of such officer. It was a species of arbitration in advance; a convenient and proper method agreed upon between the parties to determine questions that would necessarily arise in the performance of the contract about which men might honestly differ. It was not a mere condition precedent, the performance of which had no other force and effect than to vex and annoy the contractor in obtaining the good opinion of a person whose certificate was merely ornamental in presenting his complete contract. This is not an unusual provision in such contracts, and it has been continuously upheld by the courts. It is not a delegation of power prohibited by charter, but it is an exercise of charter powers by proper and competent agents. The city cannot act as a whole or composite body, even in its corporate capacity. It can only act through agents; and, recognizing such fact, it may be deemed a wise provision of such a contract to leave the determination of the character of such work to a competent and skilled mechanic, rather than to the unskilled judgment of the members of its own body, or to subject the corporation to expensive litigation in obtaining the judgment of men perhaps less competent to determine such questions in the courts.

It is further contended that the certificate, to be admissible, and to have the probative effect contended for, must be in strict compliance with the contract. It is probable that the defendant might object to a certificate of its engineer which was not full and specific; and it is not impossible that the city would have been warranted in requiring the plaintiff to procure a certificate, in this case, that would have more closely conformed to the terms of the contract. But the city made no such objection. It chose to rest its defense upon the ground that the contract was *ultra vires ;* not that it had not been performed in accordance with the contract. And, if the certificate is not sufficiently explicit, the city ought to be held to have waived such objection; for, had the objection been made as to the form of the certificate when presented, with-

out doubt the objection would have been obviated, and the plaintiff could readily have obtained a satisfactory certificate from the engineer. But in our judgment the certificate was sufficient. The very fact that the engineer gave a certificate at all was strong evidence in itself that the contract had been performed to his satisfaction. It is true that the certificate says " the contract has been performed according to the specifications." But the specifications were a part of the contract ; and the language that follows, to-wit, that the plaintiff " is entitled to the full contract price for the balance thereof," contains the conclusion of the engineer that the work has been done in accordance with the terms of the contract, for not otherwise could he have made such certificate.

The contract in this case is very similar to that in general use ; and, so far as we have been able to examine, the construction we have given it is the one uniformly given by the courts. In Stewart v. Keteltas, 36 N. Y. 388, the contract provided that the building should be finished " within the time aforesaid, in a good workmanlike and substantial manner, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of the said architect." The certificate was : " This is to certify that Messrs. Stewart and Howell have completed the mason-work to your building in Leonard street. Yours," etc.,—and signed by the architect. It was objected that the certificate was not such as was provided by the contract, but the court held it a sufficient compliance. In Wyckoff v. Meyers, 44 N. Y. 143, the contract provided the same as in that of Stewart v. Keteltas, *supra*, and further provided that the last installment was to be paid " when all the work was completely finished and certified to that effect by the architect." The certificate stated : " This is to certify that the last payment of $1,800 is due Wyckoff and Winham on your buildings, corner of Greenwich & Beach streets, as per contract," (signed by the architects.) At the trial it was objected that the certificate was not sufficient under the contract, and the defendant offered to show that the work was not done according to the contract ; but the court held the certificate sufficient and conclusive, which ruling was sustained in the court of appeals. EARL, C., speaking for a unanimous court, says: " The last payment was not to be made until the plaintiffs ob-

tained the certificate of the architects to the effect that all work was completely finished. Both parties agreed to abide by the determination of the architects. * * * There was no attempt to show that the certificate was not given in good faith; and it concludes the rights of both parties." The court further says: " It is claimed, however, that the certificate is not in proper form because it does not in terms certify that ' the work was completely finished.' If there was no other answer to this, it would be a sufficient answer that the defendant did not place his objection to pay on this ground. He paid $1,000 without any objection to the form of the certificate, and finally objected to paying any more because the work was not completed according to contract;" and concludes by holding that the certificate did in effect certify that the work was completely finished. In Omaha v. Hammond, 94 U. S. 98, the contract provided that the work was "to be completed under the supervision and to the satisfaction of the chief engineer of the fire department." The plaintiff, in a suit against the city for pay for his work, proved by the report of such engineer that the work had been so completed; and the supreme court of the United States, in sustaining the ruling of lower court denying the city the right to show that the work was not completed in accordance with the contract, says: " We think the city is concluded by the action of its own officer, the engineer, who was also, by the terms of the contract, authorized by the parties to it to decide these questions."

These cases seem to establish the rule that the certificate, when sufficient in form, is not only evidence of compliance with the condition precedent, but it is conclusive evidence of the facts therein contained; and this, upon the theory that the question as to whether the work has been done in accordance with the contract is no longer an open question, but, by agreement of the parties, it is to be determined by the architect or person named in the contract itself. He alone, and not the court, is to determine that question. Therefore the only proof required or admissible under such a contract is the certificate itself; unless, perhaps, where it has fraudulently or wrongfully been withheld, or where it is not sufficient in form, under the terms of the contract, and has been properly objected to for that reason. If it were incumbent upon

the party performing the work to prove, in addition to the certificate, that he had done so in accordance with the contract, clearly the other side would be permitted to prove that he had not done so if he could; and the conclusive character of the certificate would not only be destroyed, but the provisions of the contract requiring the work to be done to the satisfaction of the architect would become a mere idle form, without force or effect, except as a mere arbitrary condition to be enforced at the will of the second party. Such is not the view taken by the courts.

We think the verdict was rightly directed, and the judgment of the lower court is affirmed; all the justices concurring, except CARLAND, J., who dissents.