## NORTHWESTERN ELEVATOR CO. v. LEE *et al.*

Where, in an action to set aside an assessment levied on wheat, the only issue was the question of the ownership of the wheat at the time of the assessment, and on judgment for plaintiff defendant made no motion for a new trial, but appealed, the question of the sufficiency of the evidence to support the findings will not be examined.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Codington county. Hon. JULIAN BENNETT, Judge.

Action by the Northwestern Elevator Company against B. E. Lee and others, as a board of county commissioners of Codington county. From a judgment in favor of defendants, plaintiff appeals. Affirmed,

*John B. Hanten*, for appellant.
*C. X. Seward*, for respondents.

Fuller, P. J.   The object of this suit is to set aside an assessment levied on 3,000 bushels of wheat in appellant's elevator in the city of Watertown on the 1st day of May, 1894, and this appeal is from a judgment dismissing the action, with costs taxed in favor of respondents.   That the grain was in the actual possession of appellant at the time indicated appears from the petition or complaint, and upon the undisputed testimony the court found as a matter of fact that on May 1, 1894, appellant was the owner of the grain, and rightfully concluded therefrom that the same was legally subject to assessment and taxation.   Section 6, c. 14, Laws 1891.   The issue of ownership being the only fact in dispute, and the appeal being from the judgment alone, without the attention of the court being called to the matter by a motion for a new trial, the sufficiency of the evidence to establish ownership in appellant is a point that will not be considered.   "When an appeal is taken from the judgment, and the appellant has failed to make a motion for a new trial in the court below, the question of the sufficiency of the evidence to support the findings will not be examined upon appeal.   The appellate court will only examine such matters relating to facts complained of in the court below as are brought to its attention by a motion for a new trial."   Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Hagaman v. Gillis, 9 S. D. 61, 68 N. W. 192; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332.   As the only effect of granting respondents' application for judgment

was the submission of the case upon appellant's testimony, which required the findings of fact and conclusions of law, to which an exception was taken on the ground that the same are not supported by the evidence, to justify a review thereof on appeal there must be a motion for a new trial; and the rule authorizing an examination of the evidence upon which the jury has been directed to return a verdict, for the purpose of determining whether such ruling constitutes error of law, although the court's attention was not directed thereto by a motion for a new trial, is not applicable. Numerous witnesses having testified concerning the points at issue before the court, and findings not being waived, the making thereof is always mandatory under such circumstances, and they cannot be reviewed without a motion for a new trial, as shown by the cases above cited. From the record as presented, no error appears, and the judgment appealed from is affirmed.