## NELSON v. JORDETH et al.

1. Where the court's action in withdrawing a case from the jury is not objected to by plaintiff on the ground that he is entitled to a jury trial and subsequently the court decides the case, filing its decision in writing, on appeal the case will be treated as one tried by the court.

2. In a case involving the title to real estate, it was error for the court to take the case from the jury and decide the same himself.

3. Comp. Laws, § 5090, provides that, when notice if intention to move for new trial designates as the ground the insufficiency of the evidence, the statement must specify the particulars in which it is insufficient, and when it designates errors in law the statement must specify the particular errors. *Held*, that, where the statement contains no specification of errors, it is insufficient.

4.   In an action involving the title to real estate, defendant at the close of the evidence, moved the court to take the case from the jury, and to decide it upon the questions of law, which was granted. Plaintiff did not object to the motion. *Held*, that a motion for a new trial based on the court's action was unavailing.

(Opinion filed July 10, 1901.)    .

Appeal from circuit court, Potter county. HON. LORING E. GAFFY, Judge.

Action by John Nelson against Johanna Jordeth and others to determine conflicting claims to realty. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*John Wood,* for appellant.

*A. L. Ellis* and *Albert Gunderson,* for respondents.

HANEY, J. This is an action to determine conflicting claims to a quarter section of land in Potter county. Plaintiff alleges ownership in fee simple. His ownership is denied by defendants, who allege title in themselves. They also allege that the action is to set aside a tax deed recorded more than three years before it was commenced; that when they obtained title the land was unoccupied and uncultivated prairie; that they have made permanent improvements in good faith, of the value of $1,912.50; that they have paid $132.94 in taxes upon the land; that the value of the land when they obtained title did not exceed $300; and that the land, without the improvements and taxes so paid, is not worth to exceed $167.06. A jury was sworn. At the close of all the testimony counsel moved the court to direct the jury to find for defendants for the following reasons: (1) Plaintiff has failed to make a prima facie case; (2) it appears from the testimony that defendants and their grantors have paid the taxes continuously for ten successive years, they are in possession of valuable improvements, and they are the

only ones who have been in possession for over ten years under color of title; (3) more than three years have elapsed since the issuance of the tax deed; (4) no taxes have been paid or tendered by the plaintiff. He also moved the court "to take the case from the jury, and decide it upon the questions of law presented in this motion." Thereupon the trial judge appears to have stated his views of the law, and announced that "the judgment of the court is for the defendants, for a dismissal of the action." The plaintiff excepted "to the ruling of the court upon each proposition made by the court in his ruling." Subsequently the court rendered the following decision in writing: "The court having heard all the testimony of the plaintiff and of the defendants, and the said parties having rested, the court finds that there is no issue for a jury. The jury is discharged, and the court finds the following: Findings of facts: (1) That prior to the year 1886 the plaintiff was the owner of, and had, the northeast quarter of section twenty-eight in township one hundred nineteen north, of range number seventy-four west of the 5th P. M., the land in controversy. (2) That the defendants are in possession of said land, and are the owners of a tax deed thereon; that the defendants and their grantors have paid the taxes on said land continuously for more than ten years prior to the commencement of this action, in good faith, under color of title; that the plaintiff had not paid or tendered any such taxes before the commencement of this action; that there is no testimony showing that said taxes were not justly due, or that said land was not subject to taxation. The court therefore finds as conclusions of law: (1) That the plaintiff has failed to make a *prima facie* case against the defendants, that plaintiff's complaint should be dismissed, and that the title to said property should be quieted in defendants Jordeth."

Under our system of practice, there is a marked distinction between trials by the court and trials by jury—a distinction which cannot be disregarded without causing confusion, especially in reviewing the record on appeal. In making and ruling upon defendants' motion at the close of the testimony this distinction was ignored. If the trial was by jury, the motion to direct a verdict should have been granted or denied, and the cause submitted to the jury. If the trial was by the court, the motion should have been denied as out of place, for the reason that it is the duty of the court in all such cases to make and file its decision with the clerk, stating the facts found and conclusions separately. Comp. Laws, §§ 5066, 5067; Laws 1893, c. 72; Elevator Co. v. Lee, 13 S. D. 450; 83 N. W. 565. As the plaintiff did not object to the cause being withdrawn from the jury on the ground that he was entitled to a jury trial, and as the court subsequently made and filed its decision in writing, we are disposed to treat the case as one having been tried by the court.

Plaintiff's application for a new trial, made upon a bill of exceptions or statement of the case, was denied, and he appealed from the judgment and order denying a new trial. The only statutory causes stated in the notice of intention are (1) insufficiency of the evidence to justify the decision, and that it is against the law; and (2) errors in law occurring at the trial, and excepted to by the plaintiff. The only specifications of error contained in the bill of exceptions or statement are as follows: "(1) That the evidence is insufficient to sustain the findings and decision of the court, and the order and judgment rendered thereon and contrary to the evidence; (2) because the court overruled the plaintiff's motion for judgment upon the pleadings and the evidence when the defendants rested their case upon the trial; (3) because the court overruled the

plaintiff's motion for judgment at the close of the evidence upon the trial; (4) because the errors committed by the court in admitting testimony on the part of the defendants, which was duly excepted to by the plaintiff at the time; (5) tor the insufficiency of the evidence and facts stated to justify the decision and judgment of the court, and that it is against the law; (6) errors in law occurring at the trial, and excepted to by the plaintiff at the time. (7) because the court sustained the defendants' motion for judgment at the close of the trial, which was duly excepted to by the plaintiff at the time." When the notice of intention designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the parties will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion. Comp. Laws, § 5090. Regarding the case as one having been tried by the court, we proceed to consider the errors specified in the bill of exceptions. It will be observed that the statement does not specify the particulars wherein the evidence is insufficient to sustain the decision; hence, the first error specified in the statement, and first statutory ground stated in the notice of intention, cannot be reviewed. This would also be true were we to consider the cause as having been tried by jury. Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439. For reasons already given the court did not err in overruling plaintiff's motion for judgment upon the pleadings and evidence when defendants rested. As heretofore shown, such motions are foreign to the practice regulating trials by the court. When the evidence is in, nothing remains to

be done except to submit the case, and there is nothing for the court to do except to render its decision in writing, stating the facts as established by the pleadings and evidence, and its conclusions of law based thereon.   Again, if this action had been tried by a jury, the ruling was right, because plaintiff's motion was not renewed at the close of all the testimony.   The third alleged error is unavailing for the reasons already stated, and because the record does not show that plaintiff moved for judgment at the close of all the evidence. The fourth specification is wholly insufficient.   It points out no particular ruling or exception, and therefore cannot be considered.   The fifth specification is a mere repetition of the first.   The sixth specifies no particular ruling, and must be disregarded.   The seventh is perhaps sufficient to invoke a review upon the ruling on defendants' motion.   As heretofore stated, the motion should have been denied, but not for any reason given or objection raised by the plaintiff. He did not insist upon a submission to the jury, nor did he object to the motion on the ground that it was improper in a case tried by the court.   The court having subsequently filed its decision in writing, the plaintiff should have treated the  case as one tried by the court, and have challenged the sufficiency of the evidence by an application for a new trial, based upon a bill of exceptions or statement of the case, specifying the particulars wherein the evidence was insufficient to sustain the decision.   Finding no reversible error specified in the record as required by the statute, the judgment of the circuit court is affirmed.