## NORTHWESTERN ELEVATOR CO. v. LEE *et al.*

Where an action is tried by the court without a jury, and a motion is made for the dismissal of the action at the close of the evidence which is granted, such motion will be taken on appeal as an application for findings in behalf of the defendant, and, in the absence of a motion for a new trial, the supreme court cannot review the evidence in order to determine an assignment of error that the findings of the court in favor of defendant were not supported by the evidence.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Codington county.  HON. JULIAN BENNETT, Judge.

On hearing.  Affirmed.

For former opinion, see 13 S. D. 450.

*J. B. Hanten,* for appellant.

*C. X. Seward* for respondent.

The facts are stated in the opinion.

CORSON, J.   This case was decided at a former term of this court, and is reported in 13 S. D. 450, 83 N. W. 565.   A petition for rehearing was granted, and the case is now before us on the re-hearing.   The case was decided upon the theory that no motion for a new trial had been made, and therefore the evidence could not be reviewed by this court.   The appellant strenuously insisted in his petition for a rehearing, and on the re-argument, that this court was in error in so holding;   but we are of the opinion that the court was clearly right in its former decision.   As will be seen from the former opinion, the case was tried by the court without a jury.   At the close of the appellant's evidence, the respondents moved for a dismissal of the action, upon the ground that the evidence shows that the property in question, which was assessed, and of which assessment the appellant complains, was in the county of Codington on the 1st day of May, and was in the possession of the appellant, and was subject to assessment as against the appellant.   The court sustained the motion, and found the facts in favor of the respondents, and entered judgment dismissing appellant's appeal and the action.

Section 5066, Comp. Laws, provides :  "Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision, and no judgment shall be rendered or entered until

after the filing of such decision." It will be noticed that, by this section, upon a trial of a question of fact by 'the court, its decision must be given in writing, and that no judgment shall be rendered or entered until after the filing of such decision. This section applies to the cases where the action is dismissed, as well as where the judgment is in favor of the defendant, as no exception is made. Section 5067, Id., provides: "In giving the decision the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly." Section 5068, Id., provides: "Findings of fact may be waived by the several parties to an issue of fact: 1. By failing to appear at the trial. 2. By consent in writing, filed with the clerk." In the case at bar the parties appeared at the trial and there was no consent in writing waiving findings. The court entered a judgment, which, after reciting the appearance of the parties and the making of the foregoing motion, further recites: "The court, having heard argument of counsel on said motion, and the court finding that there was no actual transfer of property whatever made before May 1, 1894, and that the Northwestern Elevator Company was the owner of the grain on May 1, 1894, it being the grain the assessment of which for the year 1894 the appellant complains of, and the court being fully advised as to the facts," it is ordered, etc. While, under the statute, it is made the duty of the court to find the facts and conclusions of law separately, the findings in this case, though not strictly regular, may be regarded as a substantial compliance with the statute. Tube Works Co. v. City of Chamberlain, 5 Dak. 54, 37 N. W. 761. The motion, therefore, made by counsel for the respondents was in effect merely a request for the court to make findings and conclusions in favor of the respondents. When a case is tried by the court without a jury, a party objecting to the findings may except to the same, and, in case the

court fails to find upon issues which a party may deem necessary in order to properly present his case, he may prepare such findings as he desires, and present them to the court, and, if the court refuses to find as requested, he may except to the ruling of the court. These exceptions can only properly be reviewed by this court after a motion made for a new trial in the court below, in which that court's attention has been particularly called to the particulars in which the evidence is insufficient to support the findings, or under which the party is entitled to additional findings. Where, on the trial of a case before a jury, a verdict is directed, there are no findings which can be specifically assailed by the losing party, and hence the direction of a verdict becomes a question of law. No question of the weight of the evidence can be considered, but the only question in such case is, was or was not the party entitled to the direction of the verdict as a matter of law? This court has never held in any case that such a motion as was made in this case can properly be made in a case tried by the court, or that in such a case the evidence will be reviewed without a motion for a new trial made in the court below, and, in our view of the statute relating to trials by the court, such a decision could not properly be made.

It is contended, on the part of the appellant, that this court, in Randall v. Burk Tp., 4 S. D., 337, 57 N. W. 4, held that it would review the evidence in a case tried by the court below without a jury; but that decision must be taken in connection with the facts in that case, which show that a motion for a new trial had been made in the court below and denied. In that case this court laid down the rule applicable only to cases tried by the court, and that where a motion for a new trial had been made this court would review the evidence and if it preponderated in favor of appellant, it would reverse the decision of the trial court. But, in a case tried by a jury,

this court will not reverse the verdict of the jury when there is sufficient legal evidence to sustain it. Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128. Under our system of practice, there is a marked distinction between trials had before the court without a jury and trials by a jury. This distinction is recognized throughout the system of practice. The appellant, therefore, having failed to make a motion in the court below for a new trial, is not entitled to a review of the evidence in this court.

The judgment of the circuit court is affirmed and the former decision of this court adhered to.