IN RE PETITION OF SHANK, et al., for Drainage Ditch.
(187 N. W. 537.)
(File No. 4623.   Opinion filed March 31, 1922.)

1.   **Drainage—Petition For Drainage In Two Counties—County Commissioner Boards' Changing of Lines and Terminus, Power of to Deviate From Petition.**

The fact that the two boards of county commissioners of the counties into which a petition for drainage ditch and laterals sought to establish same, changed, substantially in accord with recommendations of surveyors, the lines of the ditch as designed in the petition, and one of the termini, did not amount to an excess of the joint power of said boards under Sec. 26, Ch. 134, Laws 1907, as amended by Laws 1909, Ch. 102, nor lay the basis for establishment of a ditch other than the one petitioned for; such changes not being material changes, being made pursuant to statute and after due notice, and solely for purpose of facilitating flow of water and properly draining the same drainage area as petitioned for.

2.   **Same—Petitioners, Failure to Specify Particular Land Owned By, Effect—Question Not Raised Below.**

The fact that the petition for a drainage ditch did not specify the particular land owned by each petitioner, did not vitiate the proceeding, it appearing therefrom that they owned land likely to be affected thereby.

3. **Same—Circuit Court, Jurisdiction to Vary Line of Ditch—Variance Explained—Statute—Eliminating Ditch in One County, Effect.**

Where, in a proceeding to establish a drainage ditch embracing lands in two counties, the county boards' action resulting in abandoning a lateral in one county (by construction of another ditch) and modification of another, was substantially followed by circuit court in establishing the ditch, there having been two routes fixed covering a portion of the latter lateral, and court having properly adopted the modification; held, that said court did not thereby exceed its appellate authority; construing Laws 1907, Ch. 134, Sec. 26, as amended by Laws 1917, Ch. 208, providing on appeal to the court "said matters shall be tried thereon and determined as an original action and upon such determination the County Commissioners of the several counties shall proceed in the matter of such drainage in accordance therewith;" that said law necessarily contemplates establishment of ditch by court, which had same powers as the joint board. Nor did court err in establishing it as a B county ditch, the portion thereof affecting M county having been eliminated.

4. **Same—Ditch, Failure of Joint Boards to Establish, Whether Constituting Final Appealable Order—Disagreement As Denial of Petition—Statute.**

Under Laws 1907, Ch. 134, Sec. 26, as amended by Laws 1909, Ch. 208, providing in part that if the several county boards (of adjoining counties) can not agree on establishment of drainage any person interested may deem petition denied and bring determination thereof into circuit court, etc., by giving notice to said boards of his intention and requesting said boards or one of them to transmit its records to clerk of circuit court, held, the matter was properly before circuit court under said procedure; this as against contention that such failure to establish ditch was not a final appealable order.

5. **Trial—Circuit Court Appellate Trial Re Drainage Ditch—Findings, Conclusions, Judgment All In One Document, Not Fatal Though Not Commendatory.**

The fact that circuit court judge, on appeal from action of joint boards of county commissioners in a drainage ditch proceeding, embodied his findings, conclusions of law and judgment all in one document, was not reversible error, though better practice would have been to have made findings and conclusions in separate paper.

6. **Appeal—Drainage Ditch, Whether Feasible or Promotive of Public Health—Evidence Found Sufficient.**

Evidence in appeal record found sufficiently preponderant to show that proposed drainage ditch is feasible, conducive to pub-

· lic health, and necessary and practicable for agricultural drainage.

Appeal from Circuit Court, Brown County.  Hon. THOS. L. BOUCK, Judge.

In the Matter of the Petition of Geo. H. Shank and others, For a Drainage Extending into the Counties of Brown, and Marshall, South Dakota.  The boards of county commissioners of Brown and of Marshall counties having failed to agree in establishing the drainage ditch petitioned for, certain petitioners and land owners appealed therefrom to the circuit court of Brown County, where the matter came on for trial, and said court by its order or judgment established said drainage ditch, and referred the proceeding back to the Board of County Commissioners of Brown County, for the determination of the damages caused by construction of same, for assessment of benefits arising from said drainage, etc., and for further proceedings relating to construction and maintenance of said drainage system.  From which order or judgment certain petitioners and objectors, to-wit:  T. R. Kenny, E. J. Pruessing, E. H. Lahman, Earl A. Smith, H. J. Treeby, L. F. Thorpe, D. T. Lane, L. F. Dinger, A. A. Smith, Asa A. Flood and D. F. Wampler, appeal.  Affirmed.

*McNulty & Campbell,* for Appellants.

*Crofoot & Ryan,* for Respondents.

(1)  To point one of the opinion, Respondent cited:  Riedericj v. McCook County, et al., (C. C. A., 8th Circuit), 233 Fed. 42.

(3)  To point three, Appellant cited:  19 Corpus Juris, page 673; Hartshorn v. Wright County, 142 Ia. 72, 120 N. W. 479; State ex rel. v. Pound, 32 S. D. 492, 143 N. W. 778; Secs. 8469, 5886, 5887; Hardy v. McKinney, 107 Ind. 364, 8 N. E. 232.

Respondent cited:  Code of Iowa, Supp. of 1913, Secs. 1918 a-2, a-3, a-5, a-6, as bearing upon the Hartshorn decision cited *contra.*  Submitted that:  Our statute (Laws 1907, Ch. 134, Sec. 26) does not confer original power upon circuit court re such appeal; Hardy v. McKinney, 107 Ind. 364, 88 N. E. 232.

GATES, P. J.  A petition for the establishment of a drainage ditch (including one lateral) in the counties of Brown and Marshall was filed in both counties pursuant to section 26, c. 134, Laws 1907, in November, 1916.  The line of drainage was stated

in the petition in very general terms, and the exact line thereof was not fixed in the petition. The northeast corner of section 5, township 128, range 60, was designated as the initial point. The terminal point was about 1,000 feet north of the center of section 30, township 124, range 61. The joint boards and state engineer caused a survey to be made, the report of which indicated the necessity, or at least desirability, of some changes in the route including a change of the initial point 600 feet east of the point designated in the petition, but in the same pond or slough and in the same tract of land. The joint boards adopted a resolution fixing the initial point, the line and width of the ditch and of three laterals in accordance with the recommendations of the surveyors, and gave notice of a hearing on the petition. Upon the return day, in accordance with a further report of survey, the joint boards adopted a resolution changing the line of the ditch and laterals in certain respects, fixing the terminal point at a point on the James river 1,000 feet west and 300 feet north of the quarter corner on the east side of section 24, township 124, range 62, and adjourned the hearing and gave a new notice of hearing in accordance with the proposed changes. On the adjourned return day a majority of the board of Marshall county voted in favor of the establishment of the ditch, and a majority of the board of Brown county voted in the negative. Deeming the petition denied, certain interested parties perfected an appeal to the circuit court of Brown county. The cause was tried before Hon. Thos. L. Bouck, circuit judge, who made an order establishing the ditch substantially as fixed by the joint boards with two exceptions. One change was the withdrawal of the lateral into Marshall county, which withdrawal was occasioned by the fact that, after the denial of this petition by the joint boards, a drainage ditch had been established in Marshall county which rendered this lateral unnecessary. This resulted in the withdrawal of any portion of the ditch from Marshall county and the same was established as a Brown county ditch. The other change was the modification of a lateral of which modification notice was given in the notice of the adjourned hearing of the joint boards. Certain objectors to the establishment of the drainage have appealed to this court from the order or judgment of the trial court.

[1, 2] Appellants contend that the joint boards did not have power to establish the ditch on the lines fixed prior to the ad-

journed hearing because of the changes made from the petition. They say that, if the joint boards had voted in the affirmative, the ditch established would not have been the ditch petitioned for. We find this contention to be without merit. The changes in the initial and terminal points were not material changes. Smith v. Pence & Pier, 33 S. D. 516, 146 N. W. 709. Moreover, they were made in the manner pointed out by statute and due notice thereof was given. In the several changes that were made in the line of the ditch or the establishment of laterals no new or additional territory was sought to be brought into the proposed drainage area, but the changes recommended by the surveyors and adopted by the joint boards were solely for the purpose of facilitating the flow of water and properly draining the same drainage area for the purpose of draining which the petition was filed. We are of the opinion that actions of the joint boards in making these changes were within the authority vested in them y section 4, c. 134, Laws 1907, as amended by chapter 102, Laws 1909.

It is objected that the petitions were insufficient in that, while the petitioners said they were owners of land likely to be affected by the proposed drainage, they did not identify any particular tract of land as the land of any particular owner. We think the petitions were sufficient in this respect. Moreover, we do not find that this question was raised before the trial court, and it could not be raised for the first time on appeal.

[3] It is urged that the jurisdiction of the circuit court was strictly appellate, and that the court had no authority to vary the line of the ditch in the slightest particular from that petitioned for. It is also urged that the ditch as established was not the ditch petitioned for, nor the ditch voted on at the last meeting of the joint boards. With the exception of the abandonment of the Marshall county lateral and the modification of another lateral, we think the evidence shows that the ditch established by the court was established substantially in accordance with the lines fixed by the joint boards at the time its establishment was denied. The necessity of the Marshall county lateral was obviated by the construction of another ditch. The other lateral was established substantially in accordance with the notice given the property owners by the joint boards. As to such modification we may say that two routes had been fixed covering a certain

portion of this lateral for both of which due notice had been given. The court in its judgment, and we think properly, adopted the later modification.

Section 26, c. 134, Laws 1907, as amended by chapter 208, Laws 1917, thus defines the powers of the court:

"Said matters shall be tried thereon and determined as an original action, and upon such determination the county commissioners of the several counties shall proceed in the matter of such drainage in accordance therewith."

We think the above provision necessarily contemplates the establishment of a ditch by the court and that the court had the same powers as the joint boards had when the matter was last before them. Hardy v. McKinney, 107 Ind. 364, 8 N. E. 232.

Neither did the court err in establishing the ditch solely as a Brown county ditch, when the portion thereof affecting Marshall county had been eliminated.

[4] It is urged that the failure of the joint boards to establish the ditch did not constitute a final order from which an appeal would lie. Section 26, c. 134, Laws 1907, as amended by chapter 208, Laws 1917, says, in part:

"If the several boards are unable to agree upon the establishment of drainage * * * any person interested may deem the petition denied and may bring the determination thereof into the circuit court of the county in which his own land lies by giving notice to the boards of county commissioners of his intention and requesting said boards or one of them to transmit its records to the clerk of the circuit court of said county."

We think this matter was properly before the circuit court for determination.

[5] It is urged that the judgment of the trial court should be reversed because it is alleged that the trial court did not make findings of fact and conclusions of law. The premise is unsound. The trial court, acting through Judge Bouck, did make findings of fact and conclusions of law and a judgment all in one document labeled "Order Establishing Drainage," which comprises more than 20 pages of the printed record. We agree with appellant that it would have been better practice to have made the findings of fact and conclusions of law in a separate paper from the judgment, but the departure from procedure was not fatal. N. W. Elevator Co. v. Lee, 15 S. D. 114, 87 N. W. 581.

[6]   Lastly, appellant complains that the evidence is insufficient to show that the drainage ditch is feasible or that it is conducive to public health, or that it is necessary or practicable for the drainage of agricultural lands. · A consideration of the record fails to convince us that the clear preponderance of the evidence is with appellants in this respect.   Other minor contentions of appellants appear in their brief, but we believe them to be without merit.

The judgment and order denying new trial are affirmed.