## BOETTCHER v. THOMPSON *et ux.*

Where the bill of exceptions on motion for a new trial, used on appeal, contains no specifications of the particulars, wherein the evidence was insufficient to justify the decision in a case tried to the court, the evidence will not be reviewed on appeal.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Campbell county. Hon. LORING E. GAFFY, Judge.

Action by Frederick W. Boettcher against T. J. Thompson and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

*Frank Alexander* and *Herreid & Williamson,* for appellant.

*H. J. Krueger, C. H. Barron,* and *Albert Gunderson,* for respondents.

HANEY, P. J.    This is an action to determine adverse claims to certain real proprrty.  Plaintiff claims to deraign title through certain mesne conveyances from the United States government.  Defendant T. J. Thompson bases his alleged ownership on certain tax deeds, and the payment of taxes for 10 successive years,  The cause was tried by the conrt, without a jury, its decision being rendered in favor of of the defendant.   The plaintiff appealed from the judgment and an order denying his application for a new trial made after judgment.

The motion for a new trial was made on a bill of exceptions which contains no specifications of the particulars in which the evidence is alleged to be insufficient to justify the decision.   Such being the condition of the record, the question of the sufficiency of the evidence cannot be reviewed on this appeal, and it must be assumed that the evidence was sufficient to justify the court's findings of fact.   Pierce v. Manning, 2 S. D. 517, 51 N. W. 332;  Nelson v. Jordeth, 15, S. D. 64, 87 N. W. 140;  D. S. B. Johnson Land Mort. Co. v. Case, 13 S. D. 28, 82 N. W. 90;  Chandler v. Kennedy, 8, S. D. 56, 65 N. W. 439.

The only alleged error discussed in appellant's brief which does not relate to the sufficiency of the evidence is in respect to an amendment of the answer allowed when the action was called for trial, wherein defendant attempted to plead the payment of taxes for 10 years as the holder of a paper title.   It is contended that the amendment did not state sufficient facts to entitle the defendant to the benefits of the limitation relied upon.   Laws 1891, p. 78, c. 24.   If defendants' title rested alone on the payment of taxes for 10 successive years, this

contention would merit careful consideration, but it does not. It was found by the court below that defendants' tax deeds were duly and legally issued. Its finding cannot be disturbed on this appeal, and therefore the limitation issue becomes immaterial. The judgment of the circuit court is affirmed.