## BOETTCHER v. THOMPSON et ux.

Where there is a notice of intention to move for a new trial on a bill of exceptions to be thereafter filed, followed by service of the proposed exceptions, that portion of the record is a statement of the case rather than a bill of exceptions.

The Supreme Court takes the record on appeal, as made and certified by the trial court, as a verity.

Sufficiency of the evidence to sustain a decision will not be reviewed, when the statement of the case did not contain proper specifications of the particulars wherein such evidence was alleged to be insufficient.

As a trial court is not bound to review the sufficiency of the evidence on a motion for a new trial made on the statement of the case not specifying the particulars in which the evidence was insufficient, it will be presumed, on appeal from an order overruling the motion, that he did disregard it.

(Opinion filed, December 19, 1906.)

On motion for rehearing. Former decision adherred to.

For former opinion, see, 17 S. D. 177, 95 N. W. 874.

*Frank Alexander* and *Herreid & Williamson,* for appellant. *H. J. Krueger, C. H. Barron* and *Albert Gunderson,* for respondents.

HANEY, J. The judgment of the circuit court in this action was affirmed by a former decision, for the reason that the only material alleged errors discussed in appellant's brief related to the sufficiency of the evidence, and its sufficiency could not be reviewed, as the appeal was from the judgment and an order made after judgment denying the plaintiff's application for a new trial; such motion having been made on a bill of exceptions or a statement of

the case which contained no specifications of the particulars where-in the evidence was alleged to be insufficient. Boettcher v. Thompson, 17 S. D. 177, 95 N. W. 874. A rehearing having been granted, the original record, to which attention was directed by an additional abstract, has been re-examined to ascertain whether any error was made as to what such record in fact disclosed; there being no doubt as to the correctness of the legal conclusions announced in our former decision.

The portion of the record in controversy should be termed a statement of the case. Juckett v. Fargo Mer. Co., 18 S. D. 347, 100 N. W. 742. It is expressly stated therein that judgment was rendered in favor of the defendant and against the plaintiff on January 23, 1901. That judgment was entered on January 29, 1901. And "that thereafter, and within the time as allowed and extended by the court, the plaintiff made and served upon the defendants' attorneys his intention to move for a new trial, specifying therein the following statutory grounds for said motion: (1) Insufficiency of the evidence to justify the findings and decision of the court, and that said findings and decision are against the law; (2) that the findings are insufficient to support the judgment; (3) error at law occurring at the trial excepted to by said plaintiff—and specifying therein that said motion for a new trial would be made upon a bill of exceptions to be thereafter settled and upon all the records and files in said cause." It is therefore conclusively established that the motion for a new trial was made on a bill of exceptions, or, more accurately speaking, on a statement of the case. "The rule is too familiar to discuss that this court takes the record as it is made and certified by the trial court as a verity." Wright v. Sherman, 3 S. D. 367, 53 N. W. 425. Even though the recitals in a judgment are presumptively true, an affirmative showing in the bill of exceptions that they are not true must prevail over the presumption. Schlachter v. Church, 20 S. D. 186, 105 N. W. 279. Then, under the rule prescribed by the statute, and followed by this court in numerous decisions, the sufficiency of the evidence to sustain the decision in this action could not be reviewed, if the statement of the case did not contain proper specifications of the particulars wherein such evidence was alleged to

be insufficient. Rev. Code Civ. Proc. § 303, subd. 3; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Nelson v. Jordeth, 15 S. D. 46, 87 N. W. 140; Johnston L. M. Co. v. Case, 13 S. D. 28, 82 N. W. 90; Wenke v. Hall, 17 S. D. 305, 96 N. W. 103; Clark v. Mitchell, 17 S. D. 431, 97 N. W. 358.

The statement contains nothing with reference to the matter under discussion, except the following: "Specification of Errors. The following is a specification of the particular errors on which plaintiff will rely on his motion for a new trial herein: (1) The court erred in permitting the defendants to amend their answer over plaintiff's objection for the reasons stated in the objection. (2) The court erred in admitting in evidence Exhibits 1, 2, 3, and 4, over the objection of plaintiff, for the reasons stated in said objection. (3) The court erred in admitting in evidence Exhibits 5 to 17, inclusive, over plaintiff's objection, for the reasons stated in said objections. (4) The court erred in finding and holding that there was any valid and legal assessment of the lands in controversy for the years 1890, 1891, and 1893, being the years upon which the tax deeds were based, and in finding and holding that said lands had been legally and duly assessed and returned for taxation in either of said years. (5) The court erred in finding and holding that the lands in controversy were duly and legally listed for taxation in the years 1890, 1891, and 1893, or that a proper description of same was contained in the tax list or duplicate tax list for either of said years. (6) The court erred in finding and holding that the said lands were legally sold in 1892 for the taxes legally due and delinquent thereon for the years 1890 and 1891. (7) The court erred in finding and holding that the said lands were legally sold in 1894 for the taxes legally due and delinquent thereon for the year 1893. (8) The court erred in finding and holding that Exhibit 19 was a legal report of sale for taxes, and in admitting same in evidence over the objection of plaintiff. (9) The court erred in finding and holding that Exhibit E was a legal notice of tax sale. (10) The court erred in finding and holding that the tax deeds of defendants were legal and valid, and that they were duly and legally issued. (11) The court erred in finding

that plaintiff did not pay or tender and offer to pay defendants all taxes legally due upon said lands prior to the commencement of this action. (12) The court erred in finding and holding that plaintiff did not make out a prima facie case. (13) The court erred in making and filing findings of fact in favor of defendants and against plaintiff. (14) The court erred in making and filing conclusions of law in favor of defendants and against plaintiff. (15) The court erred in rendering judgment in said action in favor of the defendants and against the plaintiff, for the reason that the findings are insufficient to support the judgment and the evidence insufficient to support the findings. (16) The court erred in finding as a matter of fact that the defendant had paid the taxes upon the land in controversy for ten successive years, for the reason that the evidence shows that the defendant had not so paid the taxes on said land, but that defendant had purchased certificates of tax sale and was holding the same against said land."

Only in the last paragraph is there any specification of any particular in which the evidence is alleged to be insufficient to sustain the findings of fact made by the trial court, and, as was said in our former decision, the limitation issue was immaterial if defendants' tax title was valid. All the other paragraphs relate to errors of law occurring at the trial, or are merely allegations that the court erred in its conclusions. With the exception noted, the specifications which purport to be nothing more than specifications of errors at law, nowhere point out any particular portion of the evidence or any particular fact which is alleged to have been proved or disproved. If the evidence established any facts which rendered the defendants' tax title invalid, such evidence or facts should have been called to the attention of the trial court and to the attention of this court, so that it might be readily determined whether any material finding of fact was not supported by the evidence. This not having been done, the court was at liberty to disregard the statement so far as it related to the sufficiency of the evidence, and the legal presumption is that he did so disregard it.

It follows that the views announced in our former decision must be adhered to, and the judgment of the circuit court affirmed.

CORSON, J., not sitting.