STATE EX REL. LOUIS P. SHEAHAN v. EDWARD
D. MULALLY.

99 N. W. (2d) 892.

December 4, 1959—No. 37,951.

*Louis P. Sheahan,* Corporation Counsel, and *Robert E. Faricy,* Assistant Corporation Counsel, for relator.

*John S. Connolly, Robins, Davis & Lyons,* and *Arthur R. Pearce,* for respondent.

*Charles A. Sawyer,* City Attorney, and *Joseph A. Hadley,* Assistant City Attorney, for city of Minneapolis, amicus curiae.

MURPHY, JUSTICE.

This case comes before us on a writ of prohibition to the municipal court of the city of St. Paul to compel that court to hear the case on its merits without a jury. The defendant was charged in the municipal court with disorderly conduct in violation of St. Paul City Charter and Ordinances 438.02.[1] The defendant contended that he was entitled to a jury trial and moved to have the case placed on the calendar. After expressing some uncertainty as to the state of the applicable law in Minnesota on this issue, the trial court granted the defendant's motion.

The defendant contends that the trial court's order in granting a jury trial in municipal court is supported by our recent decision of State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813. In that case we dealt with a violation of an ordinance of the village of Edina under which the defendant was charged with operating a vehicle under the influence of intoxicating liquor. This offense is covered by M. S. A. 169.121, a section of the Minnesota Highway Traffic Regulation Act. We pointed out that under the provisions of that act the legislature had made certain violations relating to highway traffic a matter of statewide concern. Since the right of the municipality to enact ordinances with relation to such traffic violations is derived from that act and since the legislature provided that such regulations shall be applicable and uniform through-

---

[1]Ordinance 438.02 provides: "Any person or persons who shall make, aid or countenance, or assist in making any noise, riot, disturbance or improper diversion, to the annoyance or disturbance of the citizens, or other person or persons in said city; or who collect in bodies or crowds in any street or public place in said city, so as to obstruct public travel thereon, shall be guilty of a misdemeanor."

out the state as to provisions and penalties, we concluded that the legislature intended municipalities to have concurrent jurisdiction to enforce ordinances dealing with the subject of traffic regulations. We further held that, since the act requires (§ 169.03) that its provisions be "applicable and uniform throughout the state and in all political subdivisions and municipalities" and that the penalties contained in ordinances must be identical with those contained in the statute, the legislature intended that the procedures used in the prosecution of such ordinances must likewise be uniform throughout the state and that the municipality is required to utilize state criminal procedure in prosecution of such ordinance violations.

The case before us comes within an entirely different category of offenses. Unlike the Hoben case, the subject of the prosecution before us relates to a matter of local concern. Although § 615.17 punishes disorderly conduct, it does not prohibit, limit, or restrict a municipality from legislating on the same subject. It is well recognized that disorderly conduct is a subject which relates to the peace and good order of the community and is historically a matter of local concern. The prosecution before us arises under a municipal ordinance enacted pursuant to the police power of the municipality (St. Paul City Charter, § 126), and according to § 488.09 it "shall be tried by the court without a jury." We agree with the petitioner that the trial court's order is not supported by the Hoben case, which is limited specifically to highway traffic regulations, and the writ is accordingly made absolute.

By brief and argument, counsel for the city of St. Paul and counsel for the city of Minneapolis, who appeared amicus curiae, present questions which are not within the issues of the action before us. While we do not rule upon the additional questions raised, it is appropriate here to comment upon them. At the outset it appears that counsel for both cities agree that State v. Hoben, *supra,* is limited in its application to the prosecution for violation of those ordinances which relate to the subject of traffic regulation covered by M. S. A. c. 169. It further appears by brief and argument that they concede the validity of § 484.471 (L. 1959, c. 388), which provides that a person convicted

of violating a municipal ordinance may appeal to the district court "in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that *the appellant shall have the right to a jury trial.*" (Italics supplied.)[2] They agree that the defendant is entitled to a jury trial at some stage of the proceedings but raise the question as to the court level at which the trial should be had. Should it be in the municipal court or in the district court on appeal under § 484.471?

At the risk of repetition we may observe that we held in the Hoben case that under the provisions of c. 169 prosecutions of traffic violations are to have uniform treatment throughout the state and that therefore a defendant charged with a violation of an ordinance relating to that subject is entitled to a jury trial in the court where he is originally charged. It follows that under § 484.471 in prosecutions for the violation of other ordinances a jury trial is secured to the defendant on appeal to the district court. That appears to be the present state of the law. Counsel for the petitioner, however, suggests that a more satisfactory arrangement for the prosecution of ordinance violations would be to have all jury trials held on appeal in the district court. However desirable such an arrangement might be, it is a matter to be addressed to the legislature and it is not within the province of this court to make that determination. No costs or disbursements allowed to any party.

Writ made absolute.

---

[2]Under the Municipal Court Act of 1959 the following provision was adopted (L. 1959, c. 660, § 4, subd. 5 [M. S. A. 488.04]):

"Cases arising under an ordinance, charter, rule or regulation of a city, village, or borough shall be tried by the court without a jury, except as provided by other laws in cases of appeals to District Court."

With reference to the St. Paul municipal court, the legislature passed the further enactment (L. 1959, c. 681):

"* * * However, in the case of conviction for a violation of an ordinance appeal may be made to the district court whereupon the defendant shall be entitled to a new trial in the district court, de novo, with or without a jury, * * *."