## STATE EX REL. JOHN G. PIDGEON v. LEVI M. HALL.

111 N. W. (2d) 472.

November 3, 1961—No. 38,433.

*John G. Pidgeon,* City Attorney, and *Gerald C. Rummel,* Assistant City Attorney, for relator.
*John A. Cochrane,* for Harry Glenchur.

FRANK T. GALLAGHER, JUSTICE.

Writ of prohibition issued out of this court upon petition of John G. Pidgeon, attorney for the city of Bloomington. The petition alleged that on February 6, 1960, Harry Glenchur was arrested and charged with the offense of driving a motor vehicle while under the influence of an intoxicating liquor; that the complaint charging such offense was made in the municipal court of the village of Bloomington pursuant to the provisions of Bloomington Village Code, c. 100, which incorporates, by reference, the provisions of Minn. St. c. 169; that on March 15,

1960, trial was commenced and on March 16 the jury returned a verdict of guilty of the offense charged; and that subsequently the defendant was sentenced either to pay a fine of $100 or to serve a 10-day jail term and his driver's license was revoked for a period of 30 days.

Thereafter, according to the petition, the defendant perfected an appeal to the District Court of Hennepin County. When the case was called for trial on March 17, 1961, before the Honorable Levi M. Hall, the presiding judge, counsel for the defendant demanded that trial be had before a jury. Counsel for the village objected on the grounds that the defendant did not have a right to two jury trials. The court overruled the objection and granted the prosecution a 10-day stay within which to apply to the supreme court for a writ of prohibition.

It is claimed in the petition that the district court intends to try the charge against the defendant before a jury unless prohibited by an order of this court, and that it is in excess of the district court's jurisdiction to grant a second jury trial to a defendant.

On March 27, 1961, this court issued a writ of prohibition directed to Judge Hall commanding him to desist and refrain from any future proceedings in the case and to show cause before this court on April 17, 1961, why he should not be absolutely restrained from trying said defendant before a jury.

The return to the writ, in addition to the facts alleged in the petition, stated that the district court overruled relator's objection to the defendant's demand for a jury trial on the basis that the defendant had a right to a jury trial under Minn. St. 484.471 (L. 1959, c. 388, § 1), which reads as follows:

"Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that the appellant shall have the right to a jury trial."

This statute was approved April 24, 1959.

In State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813 (filed August 21, 1959), we held that a person charged with a violation of a traffic regulation defined in Minn. St. c. 169 is entitled to a jury trial as a matter

of right in the court in which he is initially charged, and that the procedure is to be the same whether he is charged with a violation of the state law or a violation of a municipal ordinance covering the same offense.

Later, in State ex rel. Sheahan v. Mulally, 257 Minn. 27, 99 N. W. (2d) 892 (filed December 4, 1959), this court held that a defendant charged with violating an ordinance other than a traffic ordinance is *not* entitled to a trial by jury in municipal court. We summarized our holdings as follows (257 Minn. 30, 99 N. W. [2d] 894):

"At the risk of repetition we may observe that we held in the Hoben case that under the provisions of c. 169 prosecutions of traffic violations are to have uniform treatment throughout the state and that therefore a defendant charged with a violation of an ordinance relating to that subject is entitled to a jury trial in the court where he is originally charged. It follows that under § 484.471 in prosecutions for the violation of other ordinances a jury trial is secured to the defendant on appeal to the district court."

Relator takes the position that the language in the Sheahan case seems to secure one jury trial to a person charged with a violation of a municipal ordinance; that when the prosecution is for a traffic offense, the defendant is entitled to the jury trial in the municipal court, and when the prosecution is for the violation of other ordinances, the defendant is entitled to the jury trial on appeal to the district court. He argues that the Sheahan decision cannot be construed to hold that a defendant charged with a traffic violation is entitled to two jury trials but on the contrary that it seems to expressly rule out such a conclusion.

It is our opinion that under State v. Hoben, *supra,* the defendant here was entitled to the jury trial which he received in the municipal court of Bloomington, the court in which he was initially charged; and when convicted in that court, he is entitled under the law then in effect (§ 484.471) to another jury trial upon appeal to the district court. We must, therefore, discharge the writ of prohibition.

However, it should be noted that the result here is necessitated only by the statutory law in existence at the time the present case arose. The legislature has since amended § 484.471 (L. 1959, c. 388, § 1)

to provide that there shall be but one jury trial. L. 1961, c. 683, § 7 (Minn. St. 484.63), effective July 1, 1961, amended the statute to read as follows:

"Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that the appellant shall have the right to a jury trial *if he was not tried by jury in the municipal court.*" (Italics supplied.)

In addition the legislature in 1961 amended the Municipal Court Code (c. 488) to the same effect. L. 1961, c. 683, § 6, provides in part:

"* * * *On appeal* [from municipal court] *to district court the appellant shall not be entitled to a trial by jury if trial by jury was held in municipal court.*" (Italics supplied.)

Under these amendments, from and after July 1, 1961, a person charged with the violation of a municipal ordinance is entitled to but one jury trial. If he has been afforded a jury trial in the municipal court and is convicted, he may appeal to the district court but his trial in that court will then be to the court without a jury. If he has not been afforded a jury trial in the municipal court and is convicted, he may appeal to the district court and may then have a jury trial.

Writ discharged.