CADY, Appellant v. CADY, Respondent

(114 N.W.2d 102)

(File No. 9946. Opinion filed March 21, 1962)

**Paul E. Mundt,** Sioux Falls, for Plaintiff and Appellant.

**T. R. Johnson,** Sioux Falls, for Defendant and Respondent.

RENTTO, P.J. The plaintiff husband instituted this action for divorce on April 17, 1960 alleging extreme cruelty.

In her answer the defendant wife denied his grounds for divorce and counterclaimed for separate maintenance because of his extreme cruelty. The judgment entered on April 3, 1961, dismissed his cause of action on its merits and with prejudice, and granted her a decree of separate maintenance. She was given custody of their children and the possession of their home with its furnishings. He was ordered to pay her attorneys fees and to support her and the children, whom he was given the right to visit. The husband appeals.

These parties were married on February 3, 1945 and have four children. The three oldest are boys, and the youngest a girl. When this action was commenced they were 13, 11, 9 and 2 years of age respectively. Plaintiff is 39 years of age and employed as Motor Vehicle Officer with the Air National Guard. The record does not indicate defendant's age but it does reveal that she is a high school graduate and had worked as a telephone switchboard operator and as a clerk in a department store before they were married. He obtained his high school diploma by examination while in military service. They seemed to have gotten along reasonably well until January 1960 when plaintiff voluntarily left their home.

His first complaint on this appeal is that the evidence is not sufficient to support an award of separate maintenance. This we think is without merit. So far as here pertinent SDC 14.0727 provides: "An action for separate maintenance may be maintained without request for divorce, upon any grounds which would be grounds for divorce". In SDC 14.0703 extreme cruelty is listed as one of the causes for granting a divorce and is defined in SDC 14.0708 as "the infliction of grievous bodily injury or grievous mental suffering upon the other, by one party to the marriage." It is not necessary to nor would any good purpose be served by detailing the evidence submitted in support of her cause of action. The court's finding that plaintiff's treatment of his wife constituted extreme cruel-

ty is well supported by the record viewed most favorably to her.

In this connection his principal contention is that the evidence is insufficient because it lacks corroboration. As to whether corroboration of the evidence is necessary in an action for separate maintenance the cases are in conflict. Nelson-Divorce & Annulment, 2d Ed., § 32.38 and 42 C.J.S. Husband & Wife § 621c. This court apparently has not previously passed on the matter.

■ Our statute SDC 1960 Supp. 14.0723 requires corroboration in a divorce action. However, it is to be noted that in such actions the corroboration applies only to the granting of a divorce. Secs. 136 and 137 of the California Civil Code relating to separate maintenance contain about the same provisions that we have in our separate maintenance statute SDC 14.0727. Further, Section 130 of their Civil Code on corroboration in divorce cases is of the same import as our SDC 1960 Supp. 14.0723. In that state it has long been the rule that corroboration is not necessary in an action for maintenance without divorce. Mattson v. Mattson, 181 Cal. 44, 183 P. 443; Barsic v. Barsic, 102 Cal.App.2d 660, 227 P.2d 881. We hold that it is not required under our law.

■ The husband also urges that the evidence which he submitted was such that the trial court should have awarded him a divorce. We have studied the record of it with care. Many of the things that he claims were disputed by other evidence and some of the more serious incidents explained in such a way that it was for the trial judge to decide what the situation really was. The mere fact that the husband's versions of some of the incidents were corroborated does not put it beyond the power of the trial court to evaluate the evidence and decide that the facts are otherwise than as the husband contends. If the judge accepted her version of their troubles, which he had a right to do, the dismissal of the husband's complaint was proper.

At the conclusion of the trial the judge made a few remarks revealing his reactions to some of the situations that the evidence had developed concerning this unfortunate home. He also expressed himself as to matters that concerned and guided him in arriving at a decision in litigation of this kind. These were made a part of the transcript by the reporter. In his brief and on oral argument before us the husband takes issue with some portions of the judge's statement contending that they indicate arbitrary action on his part in denying plaintiff a divorce.

This court has held that "such expression of opinion constitutes no proper part of the record on appeal, whether announced in the form of an oral statement in open court transcribed by the reporter or in the form of a memorandum or letter addressed to counsel." Western Bldg. Co. v. J. C. Penney Co., 60 S.D. 630, 245 N.W. 909. Consequently, this matter is not before us for review. Leonard v. Leonard, 66 S.D. 202, 281 N.W. 90. As to the judge's reasons for deciding as he did we must go to his written decision wherein the facts found and the conclusions reached are separately stated. SDC 1960 Supp. 33.1403. These contain no reference to the matters complained of in the judge's oral statement.

The judgment required plaintiff to pay $300 a month for the support of his wife and their children and an additional sum of $100 every three months. Although not mentioned in the judgment it is apparent that from these funds the wife was required to pay the monthly installment of $88.75 on the mortgage on their home. He claims that the allowance is excessive.

For 1959 they reported a gross income of $7,527.66, all of it earned by the husband. The tax on this was $586.86. In addition to his employment by the National Guard, for which he received $6,225 in 1959, he was a member of a fighter unit and worked at a service station and a garage. That year he received from these sources $1,302.66. At the time of the trial his salary from the National Guard had been increased to $6,812 annually, and

he continued his outside work about as before. Accordingly, it is fair to assume that at the time of the trial he had a gross annual salary in excess of $8,000. In support of his claim of excessiveness the husband asserts that he is making monthly payments on their accumulated bills. No finding was made or requested as to this. Nor does his testimony support such assertion. In fact it seems to indicate that these had been paid.

■ ■ When separate maintenance is granted the amount awarded for the support of the wife and her children is committed to the sound discretion of the court. SDC 14.0727. His action in this regard we must respect unless persuaded that there has been a clear abuse of that discretion. In this case we are not so persuaded. Living separate and apart from one's family is generally a greater financial burden than maintaining only one home. In may instances it may prove a status that the parties can ill afford. We think the support ordered by the trial court is fair and reasonable as was the allowance of $350 counsel fees.

About a month after judgment the trial court made an order allowing the wife to retain $48 belonging to the husband that had come into her possession. She had used it in providing Christmas needs for the children. He also appeals from this order. The complaint that he makes concerning this action by the court is without merit.

The judgment and order appealed from are affirmed.

All the Judges concur.