No. 23781.

Esther Austin *v.* City and County of Denver,
A MUNICIPAL CORPORATION.
(462 P.2d 600)

Decided December 22, 1969. Opinion modified and as modified
rehearing denied January 13, 1970.

MARILYN T. MEADOFF, for petitioner.

MAX P. ZALL, LEE G. RALLIS, SIDNEY BIDERMAN, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is a certiorari proceeding to review a judgment of the Superior Court of the City and County of Denver, affirming a judgment of conviction in the Denver County Court. Petitioner, Esther Austin, was found guilty of violating Section 514.8 of Ordinance 250, Series of 1950, of the Revised Municipal Code, which relates to the unlawful use of traffic lane by a motor vehicle. She was sentenced to ninety days in jail and fined $60, both of which were suspended on condition that she surrender her driver's license.

Petitioner contends three errors were committed by the trial court which require reversal of the judgment of conviction: first, she was deprived of a jury trial to which she was constitutionally entitled; second, the penalty inflicted upon her constituted cruel and unusual punishment such as is forbidden by the Constitution of the United States; and third, she was denied a fair trial because of the prejudice of the trial judge who refused to disqualify himself, thus depriving her of her rights under the fifth, sixth and fourteenth amendments to the United States Constitution.

Petitioner, who was 70 years old at the time of the events related herein, was arraigned on October 6, 1967. She appeared pro se at this hearing and entered a plea of not guilty. The court set the case for trial on November 17, 1967, and verbally advised petitioner that if she de-

sired a jury trial, written demand therefor must be made 10 days prior to the trial date of November 17, 1967. In addition, written instructions to this effect were specifically prepared and given to petitioner, which she acknowledged in writing. She thereafter employed counsel who, on November 8, 1967, appeared in the case by filing a motion to disqualify the trial judge. This motion was denied as being insufficient under 1965 Perm. Supp., Colo. R. Crim. P. 121 (a) (2) (iii).

On the morning of the trial, counsel filed a written demand for a jury trial, which was denied as being untimely filed and not in compliance with Section 152.18-1 of the Denver Municipal Ordinance relating to jury trials. Counsel then moved for a continuance in order that he might seek a writ of prohibition in the District Court, enjoining the County Court from proceeding with the trial. This motion was denied. It was indicated to the court by counsel that petitioner was prepared for trial and a trial to the court was then held, which resulted in petitioner's conviction.

I.

Petitioner contends she was deprived of a jury trial in violation of §§ 16 and 23 of Article II of the Colorado constitution and in violation of the sixth and fourteenth amendments to the United States Constitution. We first discuss the Colorado constitutional provision for jury trial in criminal cases. Colo. Const. art. II, §§ 16 and 23, provide as follows:

"16. *Criminal prosecutions — rights of defendant.* — In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet with witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

"23. *Trial by Jury — grand jury.* — The right of trial by jury shall remain inviolate in criminal cases; * * *."

In *Canon City v. Merris,* 137 Colo. 169, 323 P.2d 614, we held that, when the sanctions imposed for violation of a municipal ordinance are penal in nature, a defendant is entitled to all of the state and federal rights accorded one in a criminal proceeding. Here, the ordinance with which petitioner was charged and convicted provides for punishment by imprisonment not to exceed ninety days or a fine not in excess of $300, or both imprisonment and a fine within those limits. The proceeding against petitioner being criminal in nature by reason of the imposition of penal sanctions, our inquiry, then, is whether the offense defined by the ordinance under consideration is a crime within the meaning of the Colorado constitution which preserves inviolate the right of trial by jury in criminal cases.

Our study convinces us that the offense here charged, the unlawful use of a traffic lane by a motor vehicle, is not a criminal offense the trial of which would entitle petitioner to a jury trial as comprehended by the constitution of Colorado.

This matter was first considered by this Court in *City of Greeley v. Hamman,* 12 Colo. 94, 20 P. 1, in which the Court expressed the view that the terms "criminal prosecution" and "criminal cases," as used in the constitution, had reference to cases which, at the time of the adoption of the constitution, were recognized as criminal, or cases which should thereafter be made criminal by statute. A trial by jury for violation of a city ordinance prohibiting the sale of intoxicating liquors was held not to be constitutionally required. Thereafter, in *McInerney v. City of Denver,* 17 Colo. 302, 29 P. 516, the view expressed in *Hamman* was confirmed. In *McInerney* the issue was presented whether, in the prosecution for violation of a city ordinance prohibiting the opening of "dram shops and tippling houses" on Sundays, the defendant was entitled to a jury trial. In discussing the problem the court stated:

"We have heretofore declared that the framers of the

constitution attached to the terms 'crime,' 'crimes' and 'criminal prosecutions' therein employed, their ordinary legal meaning. * * *"

* * *

"Again, the provisions of the constitution relating to trial by jury, being twice in jeopardy, proceedings by indictment or information, and the like, in criminal cases, were adopted with reference to the procedure theretofore generally existing in this country. If in a given class of offenses, trials without a jury were formerly the prevailing rule, this rule is not changed by the constitution. (Citing cases.)

"The inquiry therefore is not, was the *act* complained of a public misdemeanor by· statute or at the common law, but does the *offense* charged belong to a class of offenses that were usually proceeded against summarily? A careful examination of the authorities has led us to the conclusion that, both in this country and in England, the transgression of municipal regulations enacted under the police power for the purpose of preserving the health, peace and good order, and otherwise promoting the general welfare within cities and towns had for more than a century prior to the adoption of our constitution, been generally prosecuted without a jury. (Citing cases.)

* * *

"The act of which petitioner stands charged under the ordinance is, in the judgment of the city council of Denver, inconsistent with the peculiar solemnity, peace, good order and quiet that should characterize the Sabbath day within the city limits. And the violation of the ordinance unquestionably belongs to the class of *petty offenses* against local police regulations that were not generally triable by jury before the adoption of our constitution. * * *" (Emphasis added.)

█ We consider the offense of which petitioner was convicted to be a petty offense in violation of a local police regulation, one which was not cognizable at common law, and one not in that class of *serious offenses* the

trial of which should be to a jury as a matter of right under the Colorado constitution. We are led to this conclusion from a consideration of the nature of the offense and the punishment which may be imposed for violation of the ordinance.

In *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, the Supreme Court of the United States extended to the citizens of the states the right to a jury trial in *serious criminal cases* under the sixth amendment, through the due process clause of the fourteenth amendment to the United States Constitution. There, Mr. Justice White, after summarizing the historical development of right to trial by jury, declared "* * * that the right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the states as a part of their obligation to extend due process to all persons within their jurisdiction." However, the sixth amendment right to trial by jury was held not to be constitutionally required in cases involving petty offenses. We quote at length from the court's discussion concerning whether Duncan, who was charged and tried for simple battery under the Louisiana statute which carried a penalty of imprisonment up to two years and a fine, was entitled to a jury trial.

"* * * So-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions. There is no substantial evidence that the Framers intended to depart from this established common-law practice, and the possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications. These same considerations compel the same result under the Fourteenth Amendment. Of course the boundaries of the petty offense category have

always been ill-defined, if not ambulatory. In the absence of an explicit constitutional provision, the definitional task necessarily falls on the courts, which must either pass upon the validity of legislative attempts to identify those petty offenses which are exempt from jury trial or, where the legislature has not addressed itself to the problem, themselves face the question in the first instance. In either case it is necessary to draw a line in the spectrum of crime, separating petty from serious infractions. This process, although essential, cannot be wholly satisfactory, for it requires attaching different consequences to events which, when they lie near the line, actually differ very little.

\* \* \*

"In determining whether the length of the authorized prison term or the seriousness of other punishment is enough in itself to require a jury trial, we are counseled by *District of Columbia v. Clawans, supra* [300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843], to refer to objective criteria, chiefly the existing laws and practices in the Nation. In the federal system, petty offenses are defined as those punishable by no more than six months in prison and a $500 fine. In 49 of the 50 States crimes subject to trial without a jury, which occasionally included simple battery, are punishable by no more than one year in jail. Moreover, in the late 18th century in America crimes triable without a jury were for the most part punishable by no more than a six-month prison term, although there appear to have been exceptions to this rule. \* \* \*" (Citing cases.)

█ We do not say in classifying the offense under consideration as a petty offense that the legislature by statute, or the city of Denver through its charter or ordinances, could not have granted a right to a jury trial to persons charged under the ordinance such as is here being considered. Clearly, such privilege could be granted in the wisdom of the respective legislative bodies. However, an examination of the statutes and the charter and

ordinances does not reveal any such grant. The provisions
in the charter, relating to jury trials, Article XIII, § A13.5,
provide:

"In any action pending before the County Court of the
City and County of Denver in which a party thereto is
entitled to a jury trial by the constitution or general laws
of the State of Colorado, such party may have a jury
summoned to try the same. * * *"

Section 152.18-1 of Ordinance 250, Series of 1950, of the
Revised Municipal Code, provides:

"* * * In all trials before or in the county court of the
City and County of Denver wherein a defendant shall
have the right to a trial by jury, such defendant may de-
mand a jury. . . ."

█ In view of our holding here — that the offense
under consideration is not a serious offense but rather
a petty offense which may be constitutionally tried to a
court without a jury — as suggested by Mr. Justice White
in *Duncan v. Louisiana, supra,* we deem it in the inter-
ests of the orderly administration of justice to declare a
standard by which all Colorado courts shall be guided
in determining whether one charged with an offense
under a state statute or municipal ordinance is entitled
to a jury trial. We hold, in the absence of legislative man-
date by statute or charter to the contrary, petty offenses
under the constitution, general laws, charters and or-
dinances, are those crimes or offenses the punishment
for which do not exceed in extent imprisonment for
more than six months or a fine of more than $500, or a
combination of imprisonment and fine within such limits.
See *American Bar Association Standards for Criminal
Justice Relating to Trial by Jury,* § 1.1(a) and com-
mentary thereon; note, *Trial by Jury in Criminal Cases,*
69 Colum. L. Rev. 419 (1969).

█ Having held that the ordinance under considera-
tion charged petitioner with only a petty offense, denial of
a jury trial to her was not error.

## II.

 Petitioner's second contention of error concerns the punishment imposed upon her by the trial court. We have held that where the punishment is within the limits prescribed by statute or ordinance and does not shock the conscience of the court it does not constitute cruel and unusual punishment in violation of the eighth amendment to the United States Constitution. *Normand v. People,* 165 Colo. 509, 440 P.2d 282; *Walker v. People,* 126 Colo. 135, 248 P.2d 287. Here the imprisonment and fine imposed are within the limits of the ordinance. However, the suspension of the sentence was predicated upon an exercise of power vested by law, not in the courts, but in the Director of Revenue who is designated by statute to supervise and administer the Uniform Motor Vehicle Law. Enjoined upon the Motor Vehicle Department under his supervision are the duties of licensing operators of motor vehicles and of suspending and revoking such licenses. The courts have no independent authority to suspend or revoke operators' licenses other than may be specifically provided by statute. In the present case, although made a condition of suspension of the fine and imprisonment imposed for violation of the traffic ordinance, the requirement that petitioner permanently surrender her operator's license without qualification was beyond the power of the court, such not being within the punishment provisions of the ordinance or within the provisions of the Uniform Motor Vehicle Law. The sentence must therefore be vacated and the cause remanded for the purpose of resentencing.

## III.

██ The last ground for error concerns the trial judge's failure to disqualify himself because of alleged prejudice. Colo. R. Crim. P. 121 (a) (2) (iii), relating to disqualification proceedings in the county court, is a counterpart of Colo. R. Crim. P. 21 (a) (2) (iii), relating to disqualification proceedings in the district court. The rule requires that a motion for disqualification must be supported by

the affidavits of at least two credible persons not related to the defendant. Here, the motion was unsupported by the necessary affidavits and was therefore insufficient·to require disqualification. Counsel for petitioner concedes the insufficiency of his motion but nevertheless insists that the judge should have disqualified himself for the reasons set forth in the motion, relying upon *Kostal v. People*, 160 Colo. 64, 414 P.2d 123. That case in no manner dispenses with the requirements of the rule that the motion for disqualification must be supported by the affidavit of at least two credible witnesses not related to the defendant. *Walker v. People*, 126 Colo. 135, 248 P.2d 287.

The judgment of the trial court is affirmed, and the cause remanded with directions to vacate the sentence and resentence the petitioner, consonant with the views expressed herein.

MR. JUSTICE DAY specially concurs.

MR. JUSTICE DAY specially concurring:

As the only Justice now on the court who participated in *Canon City v. Merris, supra,* I specially concur in the holding of the majority in this case but cannot subscribe wholly to the cases cited by the majority in supporting the denial of a jury trial to the petitioner.

Two aspects of the decision seem to obfuscate the issue. First, the majority appears to rely on the old cases of *City of Greeley v. Hamman, supra,* and *McInerney·v. City of Denver, supra.* I would not exhume them. In my view those cases are of historical interest only and should furnish no basis for a decision in this case. *Hamman* held that a prosecution for a violation of a municipal ordinance was a *civil* action and reasoned that to hold otherwise would "largely destroy the usefulness of such corporations." *McInerney* was concerned with a jury trial in connection with a violation of an act under a municipal bylaw which was also a misdemeanor under a public

statute punishable by indictment and jury trial. The court reasoned that the necessity of a jury trial would "seriously impair the usefulness and efficiency of city governments." We said in *Merris* that the early decisions were bottomed on the rule of expediency, as appeared to be clearly indicated.

To the extent that those cases deny the criminal nature of prosecutions under municipal ordinances such as the one allegedly violated in the case at bar, they are not relevant to the contemporary view. Nor is their apparent reliance on mere expedience consistent with our view of protection of an individual's constitutionally protected rights. I hope that is what the majority holds, but the reluctance of my brothers to say so in black and white prompts me to clearly set forth my position.

My second objection to the majority opinion is its reading of *Merris, supra.* In *Merris,* the ordinance in question was found not to supersede a state law relating to the same offense, and the court held, "* * * Since there is a statute making such conduct a crime, its counterpart in the municipal laws of Canon City must be tried and punished as a crime."

Moreover, this court attempted in *Merris* to set to rest once and for all time the notion that prosecution of a violation of a municipal ordinance punishable by imprisonment was civil in nature. "* * * Label the judicial process as one will, no resort to subtlety can refute the fact that the power to imprison is a criminal sanction."

But *Merris* was not concerned with distinguishing between petty and serious offenses and did not hold that all violations of a municipal ordinance which carries criminal sanctions entitle the violator constitutionally to a trial by jury. The legislature after *Merris* provided in C.R.S. 139-63-1, "In any action pending before any police magistrate court, police court, or municipal court of any city, city and county, or town in which a party thereto is entitled to a jury trial by the constitution or general laws of the state, such party may have a jury summoned to

try the same. * * *" This was repeated in an amendment found in Session Laws of 1969, Chapter 107, section 37-22-12. Thus no absolute right to a jury can be read into the legislative intent. So to the extent that the broad language in *Merris* appears to have been interpreted by some home rule municipalities as decreeing a constitutionally guaranteed right to a jury trial in petty offenses, I subscribe to modifying it and bringing ourselves in line with *Duncan v. Louisiana, supra,* cited in the majority opinion.