## APPLICATION OF WRIGHT

(189 N.W.2d 447)

(File No. 10925. Opinion filed September 3, 1971)

**William J. Janklow** and **Richard Smith**, Rosebud, for appellant.

RENTTO, Presiding Judge.

The issue raised by this habeas corpus proceeding is whether an indigent is entitled to appointment of counsel at public expense when charged in a police magistrate's court with the violation of a town ordinance proscribing public intoxication. We hold he is not:

While the jailer having the applicant in custody produced him at the hearing on the writ, he did not make a return to it nor did he appear either in person or by counsel. The testimony of the applicant was the only evidence submitted. He was represented by counsel from the Legal Services office at Rosebud, South Dakota. After the hearing the trial court entered the following findings and conclusions:

"1. The applicant was arrested in the Town of Wood for violating an Ordinance of the Town of Wood making it unlawful 'to become drunk or intoxicated.' The applicant was arrested on the 27th day of October, 1969, and taken to the jail at White River, South Dakota.

2. On the 28th day of October, 1969, the applicant appeared before the Police Magistrate Howard Piper, the magistrate for the Town of Wood, at the White River jail.

3. At that hearing the magistrate informed the applicant that he had a right to be represented by counsel and offered an extension so that the applicant could retain an attorney.

4. At that time the applicant informed the court that he wished to be represented by counsel but that he could not afford retained counsel. The court said that in that event it could do nothing to aid the applicant and the applicant entered a plea without counsel.

5. The applicant pled guilty and was sentenced to ten days labor on the streets of Wood and sixty days probation, or thirty days imprisonment and a fine of $100. The applicant elected ten days labor on the streets of Wood and sixty days probation. The applicant worked four of the ten days. On the fourth day the Wood Marshal, Emmett Kreuger, informed the applicant that because of heavy snow he could complete the sentence in Spring. Applicant then discontinued his work in the streets of Wood.

6. On the 2nd day of March, 1970, the applicant was arrested in Wood, South Dakota, and brought before Police Magistrate Piper at the local filling station. At this time, Police Magistrate Piper ordered the applicant to begin his sentence of thirty days and a $100 fine for failure to complete the ten days of work in the streets of Wood.

7. At the March 2nd, 1970, hearing applicant was not informed of his right to counsel and the court did not offer to appoint counsel.

8. At the time of this writ the applicant was imprisoned. Applicant's sentence is presently stayed pending appeal.

9. The applicant is an indigent person and unable to retain counsel.

10. Applicant's plea of guilty to the offense of 'public intoxication' was a result of the applicant's inability to retain counsel and the court's refusal to appoint counsel.

## CONCLUSIONS OF LAW

A. The applicant was not denied his Constitutional right to be represented by counsel because there is no Constitutional right to counsel for 'petty offenses' of less than six months imprisonment.

B. The applicant did not waive his right to counsel if such right did in fact exist."

He appeals from the judgment entered quashing the writ.

On his behalf it is urged that the right to counsel denied him by the magistrate is his by virtue of the Constitution of the United States and the Constitution and statutes of South Dakota. In this court we have had the benefit of his counsel's brief and oral argument but the Town of Wood, whose ordinance he is charged with having violated, made no appearance except to advise us by letter that it could not afford such representation. It is a small town whose population declined from 267 in 1960 to 132 in 1970.

The applicant's claim is bottomed on the Sixth Amendment to the Constitution of the United States. That article provides that:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense."

In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, the Supreme Court held the amendment to mean that in federal courts counsel must be provided for defendants unable to employ them unless the right is competently and intelligently waived. In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, it held this right to counsel obligatory on the states through the Fourteenth Amendment.

Since Gideon involved an offense that was a felony, obviously the rule is applicable to indigent defendants charged with crimes that are in that category. But the extent to which the rule applies to other offenses is not answered therein. While the majority opinion placed no limitation on the right, Justice Harlan in a concurring opinion remarked that the court in that case was not called on to decide whether the rule should be extended to all criminal cases. In In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, the right was recognized in a delinquency proceeding because that was comparable in seriousness to a felony prosecution.

As observed by Judge Matthes, now Chief Judge of the Eighth Circuit, in Beck v. Winters, 8 Cir., 407 F.2d 125:

> "That the reach of **Gideon** is not altogether clear is evidenced by two dissenting opinions of Justices

· in denials of certiorari in Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207 [17 L.Ed.2d 137] (1966) and De-Joseph v. Connecticut, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443 (1966). In those opinions the Justices call for the Court to clarify its holding in **Gideon**."

The state courts that have had occasion to interpret Gideon in this reference have arrived at a variety of results as to the type of cases to which it applies. Many of these are referred to in State ex rel. Plutshack, Jr. v. State Department of Health and Social Services, 37 Wis.2d 713, 155 N.W.2d 549, 157 N.W.2d 567 and Newell v. Maine, Me., 277 A.2d 731.

The Sixth Amendment which assures to an accused the right to counsel also guarantees to him the right to a jury trial. As to this latter right the Supreme Court has on several occasions held that it extends only to trials for non-petty offenses punishable by more than six months imprisonment. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.-2d 629; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; Bloom v. Illinois, 391 U.S. 194, 88 S. Ct. 1477, 20 L.Ed.2d 522; Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162. It has not yet said that the right to counsel is similarly limited.

On the basis of these holdings other courts have held that the right to counsel under Gideon extends only to those cases which involve offenses that carry a possible penalty of more than six months in prison. State of Florida ex rel. Argersinger v. Hamlin, Fla., 236 So.2d 442; State of North Carolina v. Green, 277 N.C. 188, 176 S.E.2d 756; State ex rel. Plutshack, Jr. v. State Department of Health and Social Services, supra; State of North Carolina v. Morris, 275 N.C. 50, 165 S.E. 2d 245; Newell v. Maine, supra; Wall v. Purdy, D.C., 321 F.Supp. 367. When the penalty is less than this it is termed a petty offense. The Fifth Circuit of the federal court system applies a 90-day rule. Wooley v. Consolidated City of Jacksonville, D.C., 308 F.Supp. 1194.

The petty-offense rule now has Congressional approval. 18 U.S.C.A. 3006A. That provision denies to defendants in federal prosecutions the right to appointed counsel if their

offense is petty, which is defined therein as any misdemeanor, the penalty for which does not exceed imprisonment of six months or a fine of not more than $500 or both.

■ ■ Until the United States Supreme Court decides the issue presented otherwise, we hold that the applicant was not entitled to court-appointed counsel by virtue of the Sixth Amendment to the Constitution of the United States. That provision, in our view, does not extend the right to offenses of this type. In McDonald v. Moore, 5 Cir., 353 F.2d 106, it is written:

> "It seems unlikely that a person in a municipal court charged with being drunk and disorderly, would be entitled to the services of an attorney at the expense of the state or the municipality."

If such offenders are given the right to appointed counsel, to whom can it be rationally denied?

The provision of the South Dakota Constitution on which he relies is Art. VI, § 7. It is substantially like the Sixth Amendment to the United States Constitution and provides:

> "In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face; to have compulsory process served for obtaining witnesses in his behalf, and to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

Section 6 of the same article expands on the jury trial guaranteed in Section 7. In City of Brookings v. Thomsen, 84 S. D. 651, 176 N.W.2d 46, we had occasion recently to consider whether the right to a jury trial mentioned in Section 7 was available to one charged with the violation of a city ordinance. We held it was not. We there said that neither Section 6 nor 7 of Art. VI applies to violations of municipal ordinances. This is so even though the act for-

bidden by the ordinance is a criminal offense under state law. Webster v. Knewel, 47 S.D. 142, 196 N.W. 549. Proceedings concerning the violation of a city ordinance are not criminal prosecutions.

The statute on which he relies is SDCL 23-2-1. As last amended in 1969 it now provides:

"In any criminal action or action for revocation of suspended sentence or probation in the circuit, municipal, or district county court, where it is satisfactorily shown that the defendant is without means and unable to employ counsel, the judge of the circuit, municipal, or district county court or district county or municipal judge acting as committing magistrate shall assign, at any time following arrest, counsel for his defense, whose duty it shall be to appear for and defend the accused upon the charge against him."

The reasons why Art. VI, § 7 is inapplicable in the circumstances of this case apply with equal force to the statute relied on. On the ground that the violations of city ordinances are not crimes our Attorney General has held that counsel could not be provided those charged with their violations. See Report 1949-50, p. 147; 1965-66, p. 147. Moreover, SDCL 23-2-2 makes the compensation of counsel for indigent defendants payable by the county. Our cities and towns are not given similar authority.

It is asserted that the magistrate's refusal to provide him with counsel denies him the protection which one financially able to hire a lawyer would have. He claims that this violates the equal protection provisions of the Fourteenth Amendment to the Constitution of the United States and Art. VI, § 18 of the South Dakota Constitution. Applicant relies on Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 and Williams v. City of Oklahoma, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440, in support of this contention. Professor Junker, the author of the article in 43 Washington Law Rev. 685, at p. 693 says:

> "Whether the demand for equality in the administration of the criminal law, as exemplified by Griffin v. Illinois, Douglas v. California and their progeny, focuses on any right-to-counsel interests not cognizable under the sixth amendment seems to me subject to serious doubt."

It should also be pointed out that the three cases relied on concern appeals in criminal cases. As herein indicated violations of municipal ordinances are not usually and properly regarded as crimes and trials therefor are not regarded as criminal prosecutions. We hold that the equal protection clause does not require that he should have been furnished counsel at public expense. If it did, it would only be a short step further to require counsel for indigents in civil litigation.

The applicant relies heavily on Stevenson v. Holzman, 254 Or. 94, 458 P.2d 414, and State v. Borst, 278 Minn. 388, 154 N.W.2d 888. These cases lend support to his position, but in Borst the right to counsel in a misdemeanor case was not bottomed on the Sixth Amendment but was allowed in the exercise of the supervisory power of the court. We prefer to hold to the contrary when the violation involved is that of a city ordinance and decline his invitation to provide for it by court rule. See Hendrix v. City of Seattle, 76 Wash.2d 142, 456 P.2d 696; City of New Orleans v. Cook, 249 La. 820, 191 So.2d 634 and Wall v. Purdy, D.C., 321 F.Supp. 367. Discussions of the right to counsel in misdemeanor and city ordinance cases appear in 43 Wash.Law Rev. 685, 46 N.D.Law Rev. 374 and 16 S.D.Law Rev. 400. They graphically illustrate the confusion that exists in this area of the law.

It is a matter of common knowledge that the number of cases in which appointed counsel appear for indigents charged with crime in our trial courts and on appeal or review, has mushroomed in late years. Thoughtful students of the situation are beginning to wonder if we in South Dakota are going to have enough lawyers to serve them and how long our counties will be able to pay their compensation. Adding to this burden the municipal ordinance offenders would, we think, be more than we could provide for.

With the ordinance violators there is the additional consideration that many of our smaller incorporated municipalities are without any resident lawyers and some, of our counties have only one lawyer who is generally the state's attorney. Counsel for ordinance violators in these non-lawyer communities, especially those in one-lawyer counties, would not generally be available except from other communities which in some cases are from 50 to 100 miles away. As one North Carolina District Judge noted "unfortunate as it may seem to some, we live in a society where practical considerations must be taken into account."

Brinson v. State of Florida, D.C., 269 F. Supp. 747. See also State ex rel. Argersinger v. Hamlin, supra. To extend the right to counsel to the extent here sought seems to us to bear little relation to the realities of our society. Accordingly we affirm the trial court's judgment quashing the writ.

While not raised by the applicant the record causes us concern as to whether the sentence was one the magistrate was authorized to impose. The only statute we have authorizing probation, SDCL 23-57-4, indicates that it may be utilized only when the imposition of sentence is suspended. The finding as to the sentence given the applicant is based on his testimony. The docket entry which the magistrate is required to make was not offered in evidence. SDCL 16-12-5. If the finding correctly reflects the action of the magistrate, he did not suspend the imposition of the sentence.

The ordinance involved was not made a part of the record as required by our practice. Anderson v. Adamson, 79 S.D. 429, 112 N.W.2d 612. A portion of what is claimed to be the ordinance in question is included in an appendix to applicant's brief. According to it the maximum sentence for the violation alleged is a fine of $50 or imprisonment for a period not exceeding thirty days or both. If the appended copy correctly reflects the ordinance the fine imposed is excessive. Nor does the record elaborate on his arrest on March 2nd and subsequent confinement.

With these shortcomings in the record we are unable to decide these apparent questions. In the interest of jus-

tice they should be resolved. That can be done by the trial court where the deficiencies in the record may be remedied. For that purpose the cause is remanded for further proceeding and if the sentence is found to be unauthorized, the matter could be returned to the magistrate for resentencing.

All the Judges concur.