CITY OF SIOUX FALLS, Respondent v. BOHNER, Appellant

(199 N.W.2d 499)

(File No. 10942. Opinion filed July 13, 1972)

**Roger Schiager,** City Atty., **Paul E. Mundt,** Asst. City Atty., Sioux Falls, for plaintiff and respondent.

**Steve Jorgensen,** of **Willy, Pruitt & Matthews,** Sioux Falls, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant was charged in municipal court with violating an ordinance of the City of Sioux Falls which prohibits the driving of a motor vehicle while under the influence of intoxicating liquor, to which charge he entered a plea of not guilty. The proceeding was tried by the judge of the municipal court who found defendant guilty. He appeals from the sentence, part of which was suspended.

■■ Defendant's first claim is that he was unlawfully denied a trial by jury. The court has had occasion to consider the status of violations of city ordinances and the opinions are cited and discussed in the recent decision of City of Brookings v. Thomsen, 1970, 84 S.D. 651, 176 N.W.2d 46. See also Application of Wright, 1971, 85 S.D. 669, 189 N.W.2d 447. From the record and law, hereafter mentioned, we do not reach this question and therefore it is unnecessary to reconsider our views or those opinions. Clearly, a violation of a city ordinance is not a criminal

action,[1] and process and procedure in courts having jurisdiction thereof are subject to legislative control by statute and rules of court. The right of a jury trial in such actions is not within the scope of the constitutional guaranty but is a legislative matter. City of Brookings v. Thomsen, supra; State v. Amick, 173 Neb. 770, 114 N.W.2d 893, and State v. Lookabill, 176 Neb. 254, 125 N.W.2d 695. The Minnesota opinions, State v. Hoben, 1959, 256 Minn. 436, 98 N.W.2d 813, and State ex rel. Pidgeon v. Hall, 1961, 261 Minn. 248, 111 N.W.2d 472, cited by defendant, not only recognize the right of the legislature to grant or deny trial by jury but base the result reached on that premise. After Hoben, in State ex rel. Sheahan v. Mulally, 1959, 257 Minn. 27, 99 N.W.2d 892, the court in denying a jury trial for violation of an ordinance proscribing disorderly conduct expressly said the granting of a jury trial allowed in Hoben was based on M.S.A. § 169.03. It wrote:

"We further held that, since the act requires (§ 169.03) that its provisions be 'applicable and uniform throughout the state and in all political subdivisions and municipalities' * * * the legislature intended that the procedures used in the prosecution of such ordinances must likewise be uniform throughout the state and that the municipality is required to utilize state criminal procedure in prosecution of such ordinance violations."

Procedures for claiming a jury in municipal ordinance trials being subject to statutes and rules of court, without the necessity of classification in this opinion, it was not error to deny defendant a jury trial. If it be an action sui generis, City of Brookings v. Thomsen, supra, no statute required a jury trial; if a civil action, defendant did not by written answer request a jury trial, and so waived it, SDCL 15-6-38(b) (d). If it be claimed to be a criminal action (which the legislature by SDCL 23-1-1, supra, has declared it is not), defendant did not comply with SDCL 23-56-4.[2]

1. The legislature has so declared in SDCL 23-1-1: "A criminal action is one prosecuted by the state as a party, against a person charged with a public offense, for the punishment thereof." Prosecutions of all criminal actions on behalf of the state are the duty of the state's attorney. SDCL 7-16-9. A municipality has power to enact ordinances, SDCL 9-19, and it is the duty of a city attorney to prosecute violations thereof, SDCL 9-14-22.

2. For denial of a demand for jury trial for the reason it was not timely filed, see Austin v. City and County of Denver, 1969, 170 Colo. 448, 462 P.2d 600.

That section provides:

"All criminal actions in municipal court in which the defendant * * * does not demand a jury trial at the time or before entering the plea of not guilty, may be heard and determined by the court, without a jury".

The settled record includes minutes of the proceedings; these show that on December 4, 1970, defendant appeared in court in person and with his attorney before a judge pro tem presiding and "pleaded not guilty" to the charge; the trial was "set for court trial" in the January 1971 term. We have not overlooked the statement made by defendant's attorney at the beginning of the trial on January 29, 1971, that when the plea of not guilty was entered he had made a motion for a jury trial and he would "like to renew that motion." This statement of counsel cannot overcome the settled record which shows the earlier plea of not guilty without any such motion. It is the only plea of not guilty in the record and the trial was had and proceeded on it. The assignment of error confirms this as it refers to the page where the defendant's motion for a jury trial was made on January 29, 1971, when the plea had been entered December 4, 1970. The record imparts an absolute verity and is the sole evidence of the trial court's proceedings. Boettcher v. Thompson, 21 S.D. 169, 110 N.W. 108. Voluntary remarks and expressions of a trial judge as to his reactions to the evidence and matters that guided him in arriving at a decision are not properly part of the record. Cady v. Cady, 79 S.D. 500, 114 N.W.2d 102. So voluntary statements of counsel as to prior proceedings may not alter the court record. The court did not err in denying the jury trial.

It is next claimed the court erred in failing to dismiss the D.W.I. complaint on the grounds that defendant had theretofore been acquitted in a previous careless driving proceeding. At the page of the settled record where the claimed error occurred, counsel stated defendant had a court trial on a careless driving charge and was acquitted; he argued it was a lesser offense included in the D.W.I. charge. No record of the court with reference to this charge was introduced; only recollections of counsel — which were not too clear — were stated as foundation for the motion.

Neither a copy of the careless driving ordinance nor a copy of the D.W.I. ordinance appears in the record; nevertheless, a person could drive carelessly and still not be intoxicated or, while under the influence of intoxicating liquor, might be able to drive a car under the speed limit and obey all other rules of the road, yet if intoxicated violate the D.W.I. ordinance.

Other claims made, including the contention of insufficiency of the evidence, have been examined and disclose no error.

Affirmed.

DOYLE, J., concurs.

WOLLMAN, J., concurs specially.

HANSON, P. J., and WINANS, J., dissent. See Parham v. Municipal Court in and for City of Sioux Falls, 86 S.D. 531, 199 N.W.2d 501.

WOLLMAN, Judge (concurring specially).

I would affirm the conviction on the basis of our decision in City of Brookings v. Thomsen, 84 S.D. 651, 176 N.W.2d 46. I otherwise agree with the opinion.