## APPLICATION OF WRIGHT

(199 N.W.2d 599)

(File No. 10925. Opinion filed July 28, 1972)

**William J. Janklow** and **Richard A. Smith,** Rosebud, for appellant.

## SUPPLEMENTAL OPINION

HANSON, Presiding Judge.

On September 3, 1971 this court rendered its opinion in the above entitled action wherein it was concluded an indigent defendant was not entitled to appointment of counsel at public expense when charged with public intoxication in violation of a town ordinance. See Application of Wright reported in 85 S.D. 669, 189 N.W.2d 447.

Defendant's petition for a writ of certiorari was thereafter granted by the Supreme Court of the United States. On June 19, 1972 the Supreme Court of the United States, 92 S.Ct. 2465, 32 L. Ed.2d 804, entered its order in this cause directed to this court. The order provides, in pertinent part:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 19, 1972, by this Court that the judgment of the Supreme Court of South Dakota in this cause be vacated, and that this cause be remanded to the Supreme Court of the State of South Dakota for further consideration in light of Argersinger v. Hamlin, Sheriff, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ of certiorari notwithstanding."

The majority opinion in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, concludes that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony (including prosecutions for violations of municipal ordinances), unless he was represented by counsel at his trial."

The mandate of the United States Supreme Court leaves no room for reconsideration by this court of our opinion in this cause. To speculate on the impact and future consequences of the Argersinger rule on law and order in towns like Wood and the other 253 towns in South Dakota which do not have resident attorneys available, would be entirely superfluous.

In compliance with and by direction of the United States Supreme Court the judgment of this court in Application of Wright, supra, is ordered vacated and the cause remanded with directions to grant the writ of habeas corpus and discharge defendant.

All the Judges concur.